**Earl William O'NEAL, Jr., Appellant,**

v.

**BLACK & DECKER MANUFACTURING COMPANY, Appellee.**

**No. 44780.**

Supreme Court of Oklahoma.

April 23, 1974.

Rehearing Denied July 2, 1974.

Lampkin, Wolfe, Sokolosky, Burger, Abel, McCaffrey & Norman, Oklahoma City, for appellant.

Robert S. Baker, Porter H. Morgan, III, Oklahoma City, Pierce, Duncan, Couch & Hendrickson, Oklahoma City, of counsel, for appellee.

DOOLIN, Justice.

This is an action for personal injuries allegedly resulting from an accident involving a product manufactured by the Appellee, Black & Decker Mfg. Co. The accident occurred and injury was sustained on December 23, 1966; Appellant filed his Petition seeking recovery for personal injuries on December 23, 1969. Thereafter, the trial court granted Defendant's Motion for Summary Judgment, finding that the Plaintiff's cause of action sounded in tort, and thus was barred by Oklahoma's two-year statute of limitations, 12 O.S. 1971 § 95 "third." The Court of Appeals, Division No. 2, reversed this judgment, holding that the nature of the Plaintiff's cause of

action was actually in action for breach of an implied warranty, governed by the limitation period defined by 12 O.S. 1971 § 95 for contract actions, "second" and that plaintiff's cause of action accrued on date of injury.

In the case of Kirkland v. General Motors, Okl., 521 P.2d 1353, promulgated this date, we held at syllabus 7:

> "The theory of implied warranty recovery for injuries to person heretofore existing in this jurisdiction is merged into the theory and doctrine of manufacturers' products liability, and except for Uniform Commercial Code application, is no longer viable."

 The effect of our holding in *Kirkland* renders it unnecessary in a products liability action to consider a recovery based on "implied warranty." Such theory of recovery has been merged into manufacturers' products liability as shown in *Kirkland*; and, we also decided in that recent case that the statute of limitations to be applied to manufacturers' products liability is 12 O.S. 1971 § 95 "third"—two years from the date of injury. Thus both negligence recovery and manufacturers' products liability recovery in Oklahoma are governed by the same statute of limitations. The only possible recovery based upon "implied warranty" is under a Uniform Commercial Code violation when the same has been properly pleaded. See Moss v. Polyco, Inc., Okl., 522 P.2d 622, this day decided. Since in the instant case no attempt was made by the Plaintiff to plead facts which would bring the UCC into play, his cause of action has been defeated by the statute of limitations.

We feel compelled to note that after the decision rendered by Division No. 2, Oklahoma Court of Appeals, Eli Lilly Co., a corporation, made application for leave to file briefs amicus curiae in support of the position of Black & Decker Mfg. Co. Appellant, O'Neal, also made application to expand his brief, drawing our attention to certain Federal cases hereinafter discussed.

We specifically find it unnecessary to grant Eli Lilly the right to appear amicus curiae, but we do not by such action indicate full approval of the Federal cases mentioned by Appellant; but, this is not to say that we will not consider the opinion of Judge Breitenstein of the U. S. Court of Appeals, 10th Circuit, in Nichols v. Eli Lilly & Co.█

In the *Lilly* case the Court deals with the question as to whether Oklahoma will apply: (1) 5-year limitation set forth in the Uniform Commercial Code, 12A O.S.1971 § 2–725; (2) 2-year tort limitation under 12 O.S.1971 § 95 "third," or (3) 3-year contract limitation under section "second" of § 95. Under *Kirkland* two theories of recovery are retained in Oklahoma for recovery —manufacturers' products liability and negligence. As noted before, the statute of limitations to be applied is 12 O.S.1971 § 95 "third"—two years from the date of injury, except for UCC application.

As we view the *Lilly* case, we believe the Federal Court was faced with the problem of anticipating what this Court would ultimately decide with reference to theories of recovery and that it could not have anticipated that this Court would merge implied warranty with manufacturers' products liability.

Neither do we believe that Speed Fasteners, Inc. v. Newsom, 382 F.2d 395 (10th Cir.), is contrary to the rationale of the instant case for *Speed Fasteners* may be treated as manufacturers' products liability under *Kirkland* based upon the defective nature of the mechanical devices therein described.

What convinces us further that *Speed Fasteners* should be classified as manufacturers' products liability is the discussion therein by that Court of the particular defenses peculiar to manufacturers' products liability, viz, improper or misuse of product and the court's refusal to limit parties plaintiff to 12A O.S.1971 § 2–318. In our opinion § 2–318 does not limit the development of Oklahoma law in manufacturers'

products liability cases for the comment at 3 thereof states:

"Beyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain."

We are not unmindful of the comment under 12A O.S.1971 § 2–725 which would indicate that 12 O.S.1971 § 95 has been changed to the extent that it is inconsistent with § 2–725. We hold specifically that the statutes are not inconsistent with the situation at bar, for § 2–725 has Code application only. The UCC is not a panacea or solution to all questions in this field—the law can and must evolve.

We therefore grant certiorari, reverse the Court of Appeals, Division No. 2, and affirm the trial court order granting summary judgment to Appellee.

DAVISON, C. J., and IRWIN, BERRY, HODGES, LAVENDER, BARNES and SIMMS, JJ., concur.

WILLIAMS, V. C. J., dissents.