Herman **COCHRAN**, Appellant,

v.

**BUDDY SPENCER MOBILE HOMES, INC.**, Appellee.

No. 52171.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 19, 1980.

Rehearing Denied Sept. 16, 1980.

Released for Publication by Order of Court of Appeals Oct. 23, 1980.

Gary E. Payne, Atoka, for appellant.
G. Wendell Cathey, Durant, for appellee.

BOX, Judge:

An appeal by Herman and Florine Cochran, plaintiffs, from an order of the trial court sustaining the defendant's demurrer

on the ground the action was barred by the statute of limitations.

The appellee, Buddy Spencer Mobile Homes, Inc., (BSMH), sold a mobile home to the Cochrans in June of 1971. The mobile home was delivered in July of 1971 and prepared for occupancy. In May of 1972, the Cochrans decided to move the mobile home to a new location. During the move the frame broke. BSMH repaired the home at its own expense, but the Cochrans were dissatisfied with the repairs and made an additional written demand on BSMH to render the mobile home fit for its intended use. BSMH refused. The Cochrans continued to live in the mobile home, expended monies to repair it, and made the installment payments due on it.

The Cochrans filed their initial petition against BSMH on January 28, 1975. On February 8, 1977, an amended petition was filed. The petition stated two causes of action. The first cause of action alleged that BSMH had been negligent in setting up the home and in repairing it, and this negligence was the proximate cause of the stated damages. The second cause of action alleged a breach of an implied warranty arising out of the contract for sale of the mobile home. BSMH entered a demurrer for failure to state a cause of action for the reason that the action was barred by the general statute of limitations. It relied on 12 O.S.1971, § 95 (Third) and 12 O.S.1971, § 267. On March 23, 1978, the trial court sustained the demurrer solely on the ground of the statute of limitation.

BSMH asserts the action was properly dismissed. It contends that the Cochrans' petition stated facts and allegations basically tortious in nature. Therefore, the action was barred by the two year statute of limitation found at 12 O.S.1971, § 95 (Third). BSMH cites us *Kirkland v. General Motors Corp.*, 521 P.2d 1353, as authority for its assertion. In *Kirkland*, the plaintiff was injured in an automobile accident. She filed an action against the manufacturer of the car. In her pleadings she alleged that her injuries were caused by a defective seat adjustment and that the defect constituted

a breach of the implied warranty of fitness on the part of the manufacturer. The Oklahoma Supreme Court determined that the allegations in the pleadings stated a cause of action that was basically tortious in nature and called the action manufacturers' products liability. In theory, the new action is a form of strict tort liability, which imposes a duty on the manufacturer, retailer and supplier to refrain from placing on the market a product, which is "unreasonably dangerous" to the user or consumer, or to his property. Because of its origin in tort, the court stated "that the limitation period to be applied in products liability actions is two (2) years, 12 O.S.1971 § 95 (Third)." *Kirkland* at 1361.

*Kirkland* does not stand for the proposition that the only recourse a plaintiff has when a defective product causes injury to him or his property is an action in products liability. *Kirkland* merely provides an alternative cause of action that requires a different type of proof, which is not encumbered by the tort defenses to negligence or the contract defenses to breach of an implied warranty. *Kirkland*, at 1362, Restatement (SECOND) of Torts § 402A, Comment m (1965). The older causes of action for personal or property injury are still available to a litigant. Certainly, a plaintiff may seek redress for such injuries under a theory of negligence. *Kirkland*, at 1353 (Syllabus 1). A plaintiff may also seek redress on a theory of breach of an implied warranty, if he pleads facts to bring him within the provisions of Article 2 of the Uniform Commercial Code, 12A O.S. 1971, §§ 2–201 to 2–725 (hereinafter cited by U.C.C. section only). *Barker v. Allied Supermarkets*, 596 P.2d 870, 871; *O'Neal v. Black & Decker Mfg. Co.*, 523 P.2d 614, 615; *Moss v. Polyco, Inc.*, 522 P.2d 622, 625–26; *Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1365.

A plaintiff may unite several causes of actions in the same petition as long as they arise out of the same transaction. 12 O.S.1971, § 265. When this is done, the causes of action should be separately stated and numbered. 12 O.S.1971,

§ 266. It is quite proper to join a tort claim and a contract claim arising out of the same transaction. *Stephenson v. Clement*, 43 P.2d 430, 434 (per curiam). When plaintiff's petition is challenged by defendants demurrer, the trial court must liberally construe the petition accepting all allegations of fact as true. *Rotromel v. Public Service Co.*, 546 P.2d 1015, 1019. If a petition states two distinct causes of action, the fact that one is barred by the applicable statute of limitations is not fatal to the other cause of action, which is not barred by the applicable statute of limitation. *Kimberly v. DeWitt*, Okl.App., 606 P.2d 612, 617. Such a situation demands that the demurrer be overruled, because when *any* facts stated in the petition entitle the plaintiff to *any* relief, the action is not demurrable. *Gilmore v. St. Anthony Hosp.*, 516 P.2d 248 (Syllabus 2).

■ Now, we turn to the amended petition before us. The first cause of action alleges only negligence. The negligent acts alleged occurred in July of 1971 and May of 1972, but the petition was not filed until January of 1975. Title 12 O.S.1971, § 95 is the applicable statute of limitation and requires the party to bring a tort action within two years from the date of injury. *O'Neal v. Black & Decker Mfg. Co.*, 523 P.2d 614, 615.

■ The second cause of action incorporates the allegations of the first. The allegations are: (1) that BSMH is in the business of retailing mobile homes; (2) BSMH sold a mobile home to the Cochrans under a resale installment contract; (3) BSMH impliedly warranted that the mobile home was fit for use as a residence and fit to be moved from location to location, and if moved, it would still be fit for its intended purpose; (4) the Cochrans relied on BSMH's skill and judgment that the home would be fit for its intended use; and (5) the Cochrans listed numerous structural defaults and alleged these were caused by BSMH's breach of an implied warranty of fitness.

We find that the fact allegations of the second cause of action are sufficient to state a cause of action for breach of an implied warranty of merchantability under section 2–314 of the U.C.C. A mobile home is a "good" as defined in section 2–105(1). A sale of the good was alleged. An implied warranty of merchantability attaches to each sale of a good "if the seller is a merchant with respect to goods of that kind." § 2–314(1). The allegations of the petition are sufficient to show BSMH is a "merchant" as that term is envisioned by the code. § 2–104(1). A good to be merchantable must be fit for the ordinary purpose for which such a good is used. § 2–314(2)(c). Although an implied warranty of merchantability may be excluded or modified, § 2–316(2), the petition does not admit either.

■ The demurrer was sustained on the sole ground that the action was barred by the statute of limitation. Since we find the petition to state two distinct causes of actions, the first cause of action which alleged negligence was clearly barred. For the demurrer to be sustainable, however, the second cause of action must have been barred by the applicable statute of limitation. It was not.

In *Sesow v. Swearingin*, 552 P.2d 705, 706–07, our Supreme Court found that when a sale of goods is involved, § 2–725 supersedes the general statute of limitations, 12 O.S.1971, § 95 (Second), which allows three years for bringing an action on an implied contract not in writing. Section 2–725(1) allows five years from the time the action accrues to bring an action, and the action accrues when the breach occurs. § 2–725(2).

Thus, the second cause of action was timely brought, and the demurrer should have been overruled. We reverse and remand to the trial court with instructions to proceed to a trial on the merits of the second cause of action. We assess costs of this appeal to the appellee.

REVERSED AND REMANDED WITH INSTRUCTIONS.

REYNOLDS, P. J., and ROMANG, J., concur.