**UNITED FOUNDERS LIFE INSURANCE COMPANY, Appellant,**

v.

**LIFE INSURANCE & PENSION HEADQUARTERS AGENCY, INC., and H. Drew Owen, Appellees.**

**No. 54656.**

Court of Appeals of Oklahoma, Division No. 2.

May 19, 1981.

Rehearing Denied June 15, 1981.

Released for Publication by Order of Court of Appeals Aug. 27, 1981.

Robert H. Macy, Oklahoma City, for appellees.

George M. Ablah, Philip L. Savage, McKinney, Stringer & Webster, Inc., Oklahoma City, for appellant.

BOYDSTON, Judge.

United Founders Life Insurance Co., (United Founders) brought suit against H. Drew Owen and his agency, Life Insurance & Pension Headquarters Agency, Inc., (Agency) for recovery of funds which had been lent by United Founders to finance Agency. The evidence of indebtedness consisted of contracts and notes which provided payments on the notes be credited against commissions.

Two separate suits were filed involving these same parties and raising similar issues. At the close of the trial, the court took judicial notice that identical issues between the same parties had previously been tried to a jury in Oklahoma County and resolved in favor of United Founders. At that point, the judge dismissed the jury and entered judgment in favor of United Founders on each cause of action. The court further ordered that payment of the judgment in each of these cases be credited against certain commissions received by United Founders. Finally, the court ruled neither party was entitled to attorney fees and ordered costs to be shared equally.

The sole issue raised on appeal is whether United Founders is entitled to a reasonable attorney fee and costs. It was stipulated by the parties that a reasonable attorney fee, if allowed United Founders, would be $8,109.

In effect, the trial court held neither party was a "prevailing party" within the meaning of title 12 O.S.1971 § 936.

The record shows United Founders pled four causes of action, three to enforce individual $3,000 notes and one for other indebtedness in the amount of $3,893.31.

Agency answered denying every allegation in all four causes of action, a posture

which was never altered. Even at pre-trial, Agency denied the obligations and summarized the defense as follows:

Defendants contend that: [1] there was no consideration for the note; [2] that there was a fraudulent inducement to obtain their signatures on the notes; and [3] that the notes were signed under duress, and further that there was a clear understanding between plaintiff and defendants that all monies advanced were to build an agency for plaintiff and that there would be no liability on the part of the agencies or the individuals beyond the commissions earned on the insurance sold.

At no time does the record indicate Agency "confessed" any part of United Founders' suit. To the contrary, the case resulted in judgment against Agency in the precise form and substance as pled in the petition after a full trial. Title 12 O.S.1971 § 936 [1] provides the prevailing party is entitled to attorney fees on actions involving notes, bills or stated accounts. United Founders' suit includes all three statutory categories.

We also find the notes and contracts creating the obligations provide attorney fees be granted to the prevailing party.[2]

Under these circumstances we can find nothing to indicate United Founders did not prevail [3] in the action.

Therefore, we reverse the trial court and grant attorney fees to United Founders in the sum of $8,109.

United Founders also complains it is entitled to court costs as a matter of right under 12 O.S.1971 § 928. for the same reasons herein stated we agree with this contention.

We therefore reverse that part of judgment of the trial court denying United Founders' attorney fees and costs and direct the trial court enter judgment in favor of United Founders in the amount of $8,109 attorney fees for trial together with $2,500.00 attorney fees for this appeal. We further order costs of trial and appeal be taxed to appellee.

BACON, P. J., and BRIGHTMIRE, J., concur.

---

1. This statute provides the court *shall* award attorney fees to the prevailing party. The term "shall" has been consistently construed to mean "must." *See Dubuque Packing Co., Inc. v. Fitzgibbon,* 599 P.2d 440 (Okl.App.1979); *Sneed v. Sneed,* 585 P.2d 1363 (Okl.1978); *Oklahoma Alcoholic Beverage Control Board v. Moss,* 509 P.2d 666 (Okl.1973) and *State v. Hunt,* 286 P.2d 1088 (Okl.1955).

2. *Associate Financial Services v. Milsap,* 570 P.2d 323 (Okl.1977).

3. "There can be but one prevailing party in an action at law for the recovery of a money judgment. It transpires frequently that in the verdict, each party wins on some of the issues and as to such issues he prevails, but *the party in whose favor the verdict compels a judgment is the prevailing party.* Each side may score, but the one with the most points at the end of the contest is the winner ... is entitled to recover his costs." *Quapaw v. Varnell,* 566 P.2d 164 (Okl.App.1977) wherein the court quoted the approval *Ozius v. Haley,* 141 Mo. App. 637, 125 S.W. 556 (Mo.1910).