Olen Lee **ELLIS** and Lovella F. Ellis, Appellants,

v.

Joel **LEBOWITZ**, Appellee.

No. 69945.

Supreme Court of Oklahoma.

Oct. 16, 1990.

Art Fleak, Tulsa, for appellants.

James M. Munn, Sand Springs, for appellee.

## MEMORANDUM OPINION

HODGES, Justice.

This is an action on a written contract for the sale of a mobile home. The contract provided that "[i]f purchaser defaults three (3) months payments ownership will revert back to seller." The defendant made one monthly payment when the mobile home was destroyed by a flood. Subsequently, the seller sued purchaser for the balance due under the contract.

The trial court directed a verdict for the defendant (petitioner). In an unpublished opinion, the Court of Appeals affirmed the trial court but denied attorney fees for the appeal. The only issue presented on certiorari is the denial of attorney fees on appeal.

Section 936 of title 12 of the Oklahoma Statutes provides: "In any civil action to recover on ... [a] contract relating to the purchase or sale of goods ... unless otherwise provided by law or the contract which is the subject [of] the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." In cases involving only economic loss, a mobile home has been treated as "goods". *See Osburn v. Bendix Home Sys., Inc.*, 613 P.2d 445, 448 (Okla. 1980) ("A mobile home falls clearly within the definition of 'goods' found in [Okla. Stat. tit. 12A,] § 2–105."); *Cochran v. Buddy Spencer Mobile Homes, Inc.*, 618 P.2d 947, 950 (Okla.Ct.App.1980) ("A mobile home is a 'good' as defined in section 2–105(1)" of the Commercial Code.) Because section 936 allows recovery of attorney fees to the prevailing party in an action on a contract for the sale of goods and a mobile home is defined as a good for the purposes of this case, the defendant is entitled to attorney fees.

We have held "that the party who prevails at trial and is entitled under Section 936 to an award of attorney fees is also entitled to recover attorney fees incurred in successfully defending on appeal." *Hamilton v. Telex Corp.*, 625 P.2d 106, 108–09 (Okla.1981). *See also, B & P Construction Co. v. Wells*, 759 P.2d 208, 209 (Okla.1988). The decision to award attorney fees in this case is not discretionary. Therefore, the Court of Appeals erred in its denial of attorney fees.

The portion of the Memorandum Opinion of the Court of Appeals, Division No. 1, concerning the award of attorney fees on appeal is vacated. The question of the amount of reasonable appellate attorney fees is remanded to the trial court for determination.

CERTIORARI PREVIOUSLY GRANTED; THE PORTION OF THE COURT OF APPEALS' OPINION ADDRESSING APPELLATE ATTORNEY FEES IS VACATED; REMANDED TO THE TRIAL COURT FOR A DETERMINATION OF AMOUNT OF APPELLATE ATTORNEY FEES.

HARGRAVE, C.J., and HODGES, LAVENDER, SIMMS, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., dissents.

OPALA, Vice Chief Justice, dissenting.

I would hold that this controversy was decided on a title issue and is hence outside the ambit of 12 O.S.1981 § 936.