AMERICAN SUPERIOR FEEDS, INC., d/b/a Bluebonnet Milling Co., Appellant,

v.

MASON WAREHOUSE, INC., Appellee.

No. 85377.

Court of Civil Appeals of Oklahoma, Division No. 4.

June 24, 1997.

Stephen D. Colbert, Stephen D. Colbert, P.C., Flower Mound, TX, for Appellant.

REIF, Judge.

This appeal arises from a proceeding brought by American Superior Feeds, Inc., d/b/a Bluebonnet Milling Co., to recover

money owed by Mason Warehouse, Inc., under two "dealer firm purchase contracts" and a distributorship agreement. All of these contracts relate to the sale of livestock feed. Bluebonnet alleged that Mason owed $2,963.25 under firm purchase contracts for 1991–92 and 1992–93, and owed $2,760.72 for discounts mistakenly paid Mason under the distributorship agreement. A "personal answer" was filed on behalf of Mason by its president Jack Asbill who has represented Mason without the assistance of counsel in all subsequent proceedings, including this appeal.[1] The "personal answer" contested Mason's liability on grounds of (1) a payment of $2,708.22, (2) unexplained charges, (3) reliance on a practice of not enforcing the firm purchase contracts, (4) breach of the contracts by Bluebonnet, and (5) breach of warranty concerning the content and shape of the cattle cube feed. Following a non-jury trial, the court granted Bluebonnet judgment on the 1992–93 firm purchase contract and the "discount issue." The court gave judgment to Mason on the 1991–92 firm purchase contract. Bluebonnet did not contest these judgments despite being awarded less on the 1992–93 contract than claimed. Bluebonnet brings this appeal to challenge the denial of attorney fees and "pre-judgment" interest.

■ In both its signed notice of decision and its journal entry of judgment, the trial court ruled that Bluebonnet was not entitled to recover attorney fees, because the litigation was directly caused by the conduct of Bluebonnet. It appears that the court based this conclusion on its finding on the merits that the 1992–93 contract is "confusing and contradictory" with regard to damages. In other words, the court found that Bluebonnet had caused the dispute over the amount owed and, therefore, should not recover under the contract provision that: "The BUYER agrees to pay reasonable attorney fees associated with any dispute which arises

from this agreement." While fault can indeed be a basis to deny attorney fees under a contract provision,[2] it is not a consideration for determining entitlement as a prevailing party "[i]n any civil action to recover on [a] contract relating to the purchase or sale of goods" under 12 O.S.1991 § 936.

■ An award of attorney fees to a prevailing party under § 936 is mandatory. *Arkla Energy Resources v. Roye Realty and Developing, Inc.*, 9 F.3d 855, 865 (10th Cir.1993)(citing *Ellis v. Lebowitz*, 1990 OK 107, 799 P.2d 620, 621). *Ellis* held "[t]he decision to award attorney fees in [a § 936] case is not discretionary." *Id.* The court of civil appeals had similarly construed the directive in § 936 that the court *shall* award attorney fees to the prevailing party to mean *must* award the prevailing party attorney fees. *See United Founders Life Ins. Co. v. Life Ins. & Pension Headquarters Agency, Inc.*, 1981 OK CIV APP 30, 633 P.2d 763, 765, n. 1.

■ A plaintiff can be a prevailing party even though it does not recover on all its claims, and the defendant may in fact prevail on one or more of plaintiff's claims. *Quapaw Co. v. Varnell*, 566 P.2d 164 (Okla.App.1977). Moreover, a plaintiff need not recover the full amount sought in order to be entitled to a prevailing party fee. *Robert L. Wheeler, Inc. v. Scott*, 1991 OK 95, 818 P.2d 475, 481–82. The prevailing party is the one that receives "the greatest affirmative judgment." *Arkla*, 9 F.3d at 866 (citing *Quapaw Co. v. Varnell*). See also *Crown Paint Co. v. Bankston*, 1981 OK 104, 640 P.2d 948, *cert. denied*, 455 U.S. 946, 102 S.Ct. 1444, 71 L.Ed.2d 659 (1982), and *Western Paper Co. v. Bilby*, 1989 OK CIV APP 62, 783 P.2d 980, 983.

■ In the instant case, Bluebonnet did not recover on all its claims against Mason, but it did recover "the greatest affirmative

---

1. Mr. Asbill also filed a "personal answer" in response to the petition in error of Bluebonnet and later sent a letter informing the supreme court that the judgment had been paid in full. Despite additional time granted by the chief justice on March 29, 1996, Mr. Asbill did not file an answer brief and this case was decided on appellant's brief alone.

2. *See* Joan Kirshberg Davis, Annotation, *When May Federal Court Decline to Award to Prevailing Party Attorneys' Fees Authorized by Contract*, 56 A.L.R. Fed. 871 (1982).

judgment." While Mason prevailed on the $1,201.10 claim based on the 1991–92 contract, Bluebonnet recovered $858.80 on its claim based on the 1992–93 contract, and $2,708.22 on its claim for return of discounts mistakenly paid under the distributorship agreement. Because all claims are interrelated and arise under contracts that relate to the sale of goods (*i.e.* livestock feed), Bluebonnet was clearly the prevailing party with a total judgment of $3,567.02, as compared to judgment for Mason of $1,201.10. *See Crown Paint* and *Western Paper*. Accordingly, it was error not to award Bluebonnet an attorney fee.

 As concerns the trial court's denial of "pre-judgment interest," we hold that Bluebonnet was entitled to the contractual rate of interest on the unpaid amounts prior to judgment, but not because Bluebonnet was entitled to "pre-judgment interest" under any of the statutes cited in its brief. Pre-judgment interest statutes do not apply to interest for past due amounts set by contract. *Ray F. Fischer Co. v. Loeffler–Green Supply,* 289 P.2d 139 (Okla.1955). Interest based on contract becomes a substantive part of the debt itself and is recoverable even though principal debt has been paid and extinguished. *Id.*

The second paragraph of the 1992–93 firm purchase contract provides for the settlement of damages for not purchasing the minimum amount of feed and this includes an agreement "to pay the amount according to the BUYER'S normal payment terms." The thirteenth paragraph addresses "default in payment of any invoice when due," and the exhibits reflect that Mason made incremental purchases for which it received invoices with "normal payment terms" that included interest. It is clear that the parties contemplated that unpaid amounts as reflected in the invoices would bear the specified interest. It is also clear that Mason's minimum liability upon default was $10 per ton times the number of tons of feed which was not purchased. Because the amount of unpurchased feed was never in dispute, Bluebonnet was entitled to *contractual interest* on the value of the unpurchased feed, even though it was necessary to litigate whether Bluebonnet was entitled to the amount reflected in the invoices or an amount based on the minimum price per ton. As concerns the post-judgment interest, the trial court properly limited post-judgment interest to the statutory rate as provided in 12 O.S.1991 § 727(A)(1).

Based on the foregoing, we reverse and remand for the trial court to (1) determine and award the contractual rate of interest that had accrued on the $858.80 amount due on the 1992–93 contract prior to judgment, and (2) determine and award a reasonable attorney fee under 12 O.S.1991 § 936.

**REVERSED AND REMANDED WITH DIRECTIONS.**

TAYLOR, Vice C.J., and GOODMAN, P.J., concur.