**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UTAH WOMEN'S CLINIC, INC.;
EDWARD R. WATSON, M.D.;
MADHURI SHAW, M.D.; LAUREL
SHEPHERD, M.D.; ALIZZA
PORTER; WENDY EDWARDS;
WASATCH WOMEN'S CENTER;
WILLIAM R. ADAMS, M.D.;
DENISE DEFA; SARAH ROE, on
behalf of herself and all other
similarly situated women from Utah
and surrounding states,

        Plaintiffs - Appellants,

       v.

MICHAEL LEAVITT, in his
individual and official capacity as
Governor of the State of Utah; JAN
GRAHAM, in her individual and
official capacity as Attorney General
of the State of Utah,

        Defendants - Appellees,

No. 97-4018

------------------------

UNITED STATES OF AMERICA, PLANNED PARENTHOOD OF THE ROCKY MOUNTAINS, WOMEN'S LAW PROJECT, AMERICAN CIVIL LIBERTIES UNION, NATIONAL ABORTION AND REPRODUCTIVE RIGHTS ACTION LEAGUE, NATIONAL ORGANIZATION FOR WOMEN, INC., NATIONAL WOMEN'S LAW CENTER, NOW LEGAL DEFENSE AND EDUCATION FUND, PLANNED PARENTHOOD FEDERATION OF AMERICA and WOMEN'S LEGAL DEFENSE FUND,

               Amici Curiae.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D. Ct. No. 93-CV-407-B)**

---

Shirley M. Hufstedler, Morrison & Foerster, Los Angeles, California (Eve C. Gartner, Janet Benshoof, Kathryn Kolbert, Simon Heller, and Bonnie Scott Jones, The Center for Reproductive Law & Policy, New York, New York, and Martin W. Custen, Marquardt, Hasenyager & Custen, Ogden, Utah, with her on the briefs), for Plaintiffs-Appellants.

Mark Ward, Office of the Attorney General, Litigation Division, Salt Lake City, Utah, (Jan Graham, Utah Attorney General, and Brent A. Burnett, Assistant Attorney General, Litigation Division, Salt Lake City, Utah, on the brief), for Defendants-Appellees.

Isabelle Katz Pinzler, Acting Assistant Attorney General (David K. Flynn, Attorney; Lisa W. Edwards, Attorney), Department of Justice, Washington, DC,

filed an amicus curiae brief for the United States of America.

Donald W. Hoagland and Thomas S. Nichols, Davis, Graham & Stubbs, LLP, filed an amicus curiae brief for Planned Parenthood of the Rocky Mountains, Inc.

Susan Frietsche and Linda J. Wharton, Women's Law Project, Philadelphia, Pennsylvania, filed an amicus curiae brief for Women's Law Project, American Civil Liberties Union, National Abortion and Reproductive Rights Action League, National Organization for Women, Inc., National Women's Law Center, Now Legal Defense and Education Fund, Planned Parenthood Federation of America and Women's Legal Defense Fund.

---

Before TACHA, KELLY, and LUCERO, Circuit Judges.

---

PER CURIAM.

---

In 1993, following the Supreme Court's decision in Planned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833 (1992), the Utah state legislature amended its abortion statute to include an informed-consent provision that closely parallels the Pennsylvania informed-consent law upheld in Casey. The Utah law requires a woman to give her "voluntary and informed written consent" before she can have an abortion and mandates that certain information be orally communicated to the woman at least twenty-four hours before the abortion is to be performed. UTAH CODE ANN. § 76-7-305(1) (1995).[1] Utah

---

[1] The Women's Clinic challenged the version of Title 76 of the Utah Code that was in effect in 1995. The state legislature amended §§ 76-7-305 and 76-7-305.5 in 1996 and 1997; those revisions are not at issue in this appeal.

Women's Clinic, together with other groups and individuals, brought suit in the United States District Court for the District of Utah, challenging the constitutionality of Utah's informed-consent provision.

The district court entered judgment for the defendants and dismissed the plaintiffs' claims with prejudice. See Utah Women's Clinic v. Leavitt, 844 F. Supp. 1482, 1495 (D. Utah 1994), rev'd in part, appeal dismissed in part, 75 F.3d 564 (10th Cir. 1995). In addition, the district court determined sua sponte that the plaintiffs' legal claims were frivolous and imposed sanctions on the plaintiffs for bringing the suit. See id. ("Because of the absence of merit in support of plaintiffs' case and the legal frivolousness of plaintiffs' assertions in this facial challenge, plaintiffs are ordered to pay defendants' costs and attorney's fees."); see also 42 U.S.C. § 1988 (giving court discretionary power to award attorney's fees in civil rights cases). The plaintiffs filed a motion asking the court to rescind the sanctions. The district court denied the motion and imposed additional sanctions on the plaintiffs "because of the additional frivolous arguments" raised in their motion to rescind. Utah Women's Clinic v. Leavitt, No. 93-C-407B, slip op. at 60 (D. Utah June 20, 1994). The court ordered the plaintiffs to pay the attorney's fees incurred by the defendants in responding to the motion and in bringing the state's motion to set the fee award. See id.

The plaintiffs first appealed the imposition of these sanctions in 1994. At

that time, we remanded the case for reconsideration in light of our decision in Jane L. v. Bangerter, 61 F.3d 1505, 1513-17 (10th Cir. 1995) (holding that district court erred in determining that plaintiffs' legal theories were frivolous and reversing award of attorney's fees). See Utah Women's Clinic v. Leavitt, 75 F.3d 564, 569 (10th Cir. 1995). On remand, the district court affirmed its earlier orders of sanctions. See Utah Women's Clinic v. Leavitt, No. 93-C-407B, slip op. at 6-7 (D. Utah Jan. 15, 1997). The plaintiffs now appear before us for the second time to appeal the sanctions imposed by the district court. We exercise jurisdiction under 28 U.S.C. § 1291.

A prevailing defendant in a civil rights action may recover attorney's fees under 42 U.S.C. § 1988 if the suit "was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983). A district court's award of attorney's fees will be upset on appeal only if it represents an abuse of discretion. See Jane L., 61 F.3d at 1509. Any legal analysis underlying the imposition of sanctions, however, is reviewed de novo. See Supre v. Ricketts, 792 F.2d 958, 961 (10th Cir. 1986).

In light of the Supreme Court's decision in Planned Parenthood of Southeastern Pennsylvania v. Casey and our decision in Jane L., we reverse the district court's order of February 1, 1994, its judgment of February 3, 1994, its order of June 20, 1994, its judgment of June 20, 1994, and its order of January 15,

1997, and vacate all awards of attorney's fees and costs. See Jane L., 61 F.3d at 1513-1517 (discussing standards for determining whether legal theories are frivolous for purpose of awarding attorney's fees); Casey, 505 U.S. at 881-87 (1992) (upholding Pennsylvania's informed-consent statute, while leaving open the possibility that a constitutional challenge to an informed-consent provision in another jurisdiction could be successful on a different factual record). Each of the parties is ordered to bear its own attorneys' fees and costs.