**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JORDAN F. MILLER
CORPORATION, a California
corporation and; JORDAN F.
MILLER, an individual,

      Plaintiffs-Appellants,

v.

MID-CONTINENT AIRCRAFT
SERVICE, INC., an Oklahoma
corporation; JET CENTER TULSA,
INC., an Oklahoma corporation,

      Defendants-Appellees.

No. 98-5104
(D.C. No. 95-CV-469-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Jordan F. Miller Corporation (Miller) appeals from a final order of the district court denying its motion for attorney's fees and costs after a jury verdict awarding it a net recovery against defendants Mid-Continent Aircraft Service, Inc. (Mid-Continent) and Jet Center Tulsa, Inc. (Jet Center).  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

Miller brought a diversity suit alleging negligence, breach of contract, and breach of warranty claims arising out of its purchase of a used Cessna 421B aircraft from Mid-Continent and Jet Center.  Defendants filed breach of contract counterclaims.

A series of pre-trial rulings reduced Miller's potential recovery.  Claims for damages connected with the left landing gear were dismissed as a sanction for failing to preserve the allegedly damaged component parts for inspection.      See Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.      , No. 97-5089, 1998 WL 68879 at **1, **7 (10th Cir. Feb. 20, 1998) (unpublished order and judgment entered on interlocutory appeal, agreeing with the district court that Miller should be held responsible for the spoliation of evidence and affirming the order of dismissal).  On a claim concerning alleged defects in the plane's right engine,

-2-

Miller failed to comply with the requirements for disclosure of expert testimony. See Fed. R. Civ. P. 26(a)(2)(B). The court entered an order striking the testimony of the expert on that claim, then granted defendants' motion for partial summary judgment based on lack of causation evidence. In a mandamus petition filed in this court, Miller sought an order directing the district court to withdraw the entry of partial summary judgment and permit testimony of the expert witness. The petition was denied on February 13, 1998.

Trial went forward on the remainder of Miller's contentions that the plane had not been delivered in airworthy condition. Miller sought damages of approximately $350,000. The jury returned a verdict in Miller's favor, awarding damages of $20,500 against Mid-Continent and $25,000 against Jet Center. The jury also returned verdicts in favor of defendants on their counterclaim, providing an offset of $5,909.27 for Mid-Continent and $10,000 for Jet Center. Miller's net judgment was $29,590.73. Post-trial, Miller filed a motion for attorney fees in the amount of $118,662.50 and costs in the amount of $37,769.54. The district court denied the motion and this appeal followed.

## DENIAL OF ATTORNEY FEES

We review the district court's denial of attorney fees as a sanction pursuant to Fed. R. Civ. P. 16(f) for an abuse of discretion, considering the totality of the circumstances, assessing supporting factual findings under the clear error standard, see Olcott v. Delaware Flood Co., 76 F.3d 1538, 1557 (10th Cir. 1996), and examining the legal analysis de novo, see Utah Women's Clinic, Inc. v. Leavitt, 136 F.3d 707, 709 (10th Cir. 1998). [1] The question on appeal is not whether the reviewing court would have chosen the sanction as an original matter but whether the district court abused its discretion in doing so. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). "An abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1339 (10th Cir. 1998) (quotation omitted).

---

[1] The district court set out two grounds for denying Miller's attorney fees: (1) the imposition of sanctions under Fed. R. Civ. P. 16(f) and (2) the lack of entitlement to fees under Oklahoma law, see Okla. Stat. tit. 12, §§ 936, 939 (1988). Because we determine that the Rule 16(f) provides a basis for the court's ruling, we do not address the parties' argument concerning the application of Oklahoma law. We do note, however, that Oklahoma cases suggest that attorney fees are "mandatory." American Superior Feeds, Inc. v. Mason Warehouse, Inc., 943 P.2d 171, 173 (Okla. Ct. App. 1997).

Rule 16(f) is implicated when there has been a violation of an existing pre-trial order. Lillie v. United States, 40 F.3d 1105, 1110 (10th Cir. 1994). [2] "The award of fees and expenses for noncompliance . . . is discretionary, and the amount and impact of a monetary sanction should depend on the seriousness of the violation and where the fault lies, i.e. with counsel or client." Olcott, 76 F.3d at 1557 (quoting Turnbull v. Wilcken, 893 F.2d 256, 259 (10th Cir. 1990) (per curiam)). "[I]n the absence of a finding of bad faith, there must be a sufficient nexus between noncompliance with the rules and the amount of fees and expenses awarded as a sanction." Id. Bad faith, in this context, means a voluntary, intentional refusal to comply with a pretrial order. Cf. M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872-73 (10th Cir. 1987) (concerning entry of default judgment for failure to abide by pretrial orders or provide discovery).

---

[2] Rule 16(f) provides, in pertinent part:

**Sanctions**. If a party or party's attorney fails to obey a scheduling or pretrial order . . . , the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

In ruling on Miller's request for attorney fees, the district court pointed out general shortcomings in plaintiff's litigation of its case. The court also catalogued repeated instances of voluntary failure to comply with pretrial rulings, which it attributed to both counsel and the client. Specifically, the court found that plaintiff's representative, Jordan Miller, "blatantly" disregarded an *in limine* order "not to refer to his terminal cancer only minutes after he was so instructed." Appellant's Supp. at 155-56. Counsel and other witnesses made reference to other prohibited subjects, such as an offer of settlement, right-engine damages, and the concept of fraud. See id. at 156. In addition, counsel wasted judicial resources by "show[ing] up at trial with his exhibits in total disarray," in spite of the court's spending "in excess of five hours in three different pretrial conferences going through every objection to every exhibit." Id. The court concluded that, for these transgressions, counsel and Jordan Miller deserved to be sanctioned under Rule 16(f) for their failure to abide by pretrial orders. Id. at 156-57.

Although the district court did not explicitly use the term "bad faith," its findings attest to willful noncompliance with particular pretrial orders. Therefore, the court was not required to limit its sanction to those expenses and attorney's fees directly attributable to the defendants' abuse of the legal process. Cf. Olcott, 76 F.3d at 1557. After scrutinizing the record on appeal, we are

cannot say that the district court abused its considerable discretion and, therefore, the denial of attorney fees is sustained.

## DENIAL OF COSTS

Similarly, we review the district court's ruling on Miller's request for costs pursuant to Fed. R. Civ. P. 54(d) for abuse of discretion. See, e.g. , AeroTech, Inc. v. Estes , 110 F.3d 1523, 1526 (10th Cir. 1997). The underlying interpretation of a statute is a question of law subject to de novo review. See Rushton v. State Bank of S. Utah (In re Gledhill) , 164 F.3d 1338, 1340 (10th Cir. 1999).

"Rule 54 creates a presumption that the district court will award costs to the prevailing party." Cantrell v. International Bhd. of Elec. Workers , 69 F.3d 456, 459 (10th Cir.1995) (en banc). "Because a denial of costs is a severe penalty, there must be some apparent reason to penalize the party if costs are to be denied." AeroTech , 110 F.3d at 1526-27 (further quotation omitted). Here, the district court supplied a statutory reason for its denial of costs: Miller's recovery was less than the applicable jurisdictional amount of $50,000 and, under 28 U.S.C. § 1332(b), a prevailing plaintiff in a diversity suit may be denied an award of costs or even taxed costs if its recovery does not satisfy the jurisdictional amount. [3]

---

[3]    Section 1332(b), as in effect at the time this lawsuit was filed, provided:

(continued...)

-7-

Miller argues that under the circumstances of this case, § 1332(b) does not provide a valid basis for the district court's action. Its theory is that § 1332(b) may be used only against plaintiffs who inflate their claims in order to invoke federal jurisdiction, not against those whose eventual recovery falls short for some other reason. Miller points out that the allegations in its complaint unquestionably supported damages in excess of $50,000, but that the court's dismissal orders reduced the jury award.

We disagree with Miller's legal premise. When interpreting a statute, we begin with the plain language of the statute itself, and if the terms are unambiguous, our inquiry normally ends. See United States v. Romero, 122 F.3d 1334, 1337 (10th Cir. 1997), cert. denied, 118 S. Ct. 1310 (1998). The language of § 1332 is not ambiguous. The statute clearly grants the district court discretion

---

[3](...continued)

> Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $50,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

The statute was amended October 16, 1996, to reflect the new jurisdictional amount of $75,000. See 28 U.S.C. § 1332(b) (1998).

to deny costs if the plaintiff "is finally adjudged to be entitled to recover less than" the jurisdictional amount. It focuses on the plaintiff's ultimate recovery, not its potential damages.

We recognize that the legislative history of § 1332(b) demonstrates an intent to deter plaintiffs from filing cases in federal court when the amount in controversy is, or is likely to be, less than the jurisdictional amount. See Breeland v. Hide-a-Way Lake, Inc., 585 F.2d 716, 722 n.11 (5th Cir. 1978); see also Dr. Franklin Perkins Sch. v. Freeman, 741 F.2d 1503, 1525 (7th Cir. 1984) (quoting S. Rep. No. 1830, 85 Cong., 2d Sess. *reprinted in* 1958 U.S. Code & Ad. News 3099, 3103). The plain language of the statute, however, does not limit its application to instances in which plaintiffs deliberately inflate their claims. The statute leaves the determination on allocation of costs to the discretion of the judge. It does not preclude an award of costs if the district court determines that a plaintiff was acting in good faith when it invoked diversity jurisdiction, in spite of a limited recovery. Nevertheless, it does not require the court to make express findings on the issue. [4] Under the circumstances of this case, the district court acted within its discretion in denying Miller's request for an award of costs.

---

[4] Miller's citation to dicta in Edgar v. Fred Jones Lincoln-Mercury of Okla. City, Inc., 524 F.2d 162, 165 (10th Cir. 1975) is inapposite. In that case, we held that, because the district court erred in excluding a punitive damages claim, it also erred in assessing costs against the plaintiff for failure to meet the jurisdictional minimum.

AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM