2004 OK CIV APP 5

**BUILDERS OVERHEAD CRANES, a Division of Builders Steel Co., Inc., an Oklahoma Corporation, Plaintiff/Appellant,**

v.

**NASHCO BUILDING COMPANY, INC., an Oklahoma Corporation; Walter A. Nashert, III, an individual; and International Fidelity Insurance Company, Defendant/Appellees.**

No. 97,819.

Court of Civil Appeals of Oklahoma, Division 3.

Sept. 4, 2003.

Rehearing Denied Oct. 2, 2003.

Kelly F. Monaghan, Lori Gilliard, Holloway & Monaghan, Tulsa, for Appellant.

Robert L. Magrini, Evan B. Gatewood, Alan W. Bardell, Hayes, Magrini & Gatewood, Oklahoma City, for Appellees.

JOPLIN, Chief J.

¶ 1    Plaintiff/Appellant Builders Overhead Cranes (BOC) seeks review of the trial court's order assessing interest and denying BOC's motion for attorney's fees on BOC's claims against Defendants/Appellees Nashco Building Company (Nashco) as principal and International Fidelity Insurance Company (IFIC) as surety to recover for labor and services rendered for Nashco.[1]  Having reviewed the record, we find no error by the trial court in the assessment of interest, but hold the trial court erred in denying attorney's fees.  The order of the trial court should therefore be affirmed in part, reversed in part, and the cause remanded.

¶ 2    Nashco was a subcontractor to Matherly Construction, general contractor, on a public works project for the University of Oklahoma.  IFIC was surety on a payment bond in which Nashco was principal and Matherly obligee.

¶ 3    BOC, a subcontractor of Nashco, filed suit against Nashco to recover for work performed on the project.[2]  Nashco disputed the amount sought, and upon Nashco's suggestion of insolvency, BOC added IFIC as an additional party defendant.  Prior to trial, IFIC "and/or Nashco" stipulated to a judgment in the amount demanded by BOC, and the issue of attorney's fees and costs was deferred.

¶ 4    BOC subsequently filed a motion to tax attorney's fees, costs and interest (at its invoice rate of 18%) against Nashco and IFIC pursuant to 12 O.S. § 936.  At the conclusion of a hearing,[3] the trial court denied BOC its requested fees and costs, finding § 936 did not permit such an award in the present case for lack of a direct contractual relationship between BOC and IFIC.  The trial court also denied BOC's request for 18% interest, finding the 6% statutory interest rate applied.  BOC appeals.

¶ 5    Attorney's fees may be awarded only when authorized by statute or contract.  See, e.g., American Biomedical Group, Inc. v. Norman Regional Hosp. Authority, 1993 OK CIV APP 83, 855 P.2d 1074.  The plain language of § 936 as it existed at the time of this controversy mandated an award of prevailing party attorney's fees in any suit "to recover on ... [a] contract for relating to the purchase or sale of goods, wares, or merchandise, or for labor and services, unless otherwise provided by law or the contract which is the subject [of] the action." See, Ellis v. Lebowitz, 1990 OK 107, ¶ 4, 799 P.2d 620, 621.[4]  In the present case, BOC commenced and prevailed on an action within the scope of § 936, and is entitled to § 936 prevailing party attorney's fees.  IFIC, as the defeated party liable to pay for BOC's labor or services, is also liable to pay § 936 attorney's fees to BOC.[5]

¶ 6    BOC also asserts error on behalf of the trial court in failing to award it 18% interest on the balance due and owing as billed to Nashco.  However, neither the contract between BOC and Nashco, nor the surety agreement, contain any provision rate of interest.  Absent such a provision, we hold that 15 O.S.1991 § 266 mandating a 6% interest rate controls.  We therefore find the trial court did not err in awarding 6% interest in accord with § 266.

---

1.  All claims against Defendant Walter A. Nashert, III, individually, have been resolved.

2.  The record suggests that Nashco sent BOC's invoices to Matherly; that Matherly paid Nashco; but that Nashco failed to pay BOC.

3.  Nashco's insolvency having been established and/or taken for granted, BOC sought to recover its fees and costs from IFIC.

4.  "The decision to award attorney fees [pursuant to 12 O.S. § 936] is not discretionary."

5.  Having so held, we find it unnecessary to address BOC's argument that the trial court should have, at a minimum, awarded it § 936 attorney's fees against Nashco, the party for whom the services were rendered.

¶7 The orders of the trial court are therefore AFFIRMED IN PART, REVERSED IN PART and the cause is REMANDED for further proceedings to determine BOC's reasonable attorney's fee.

ADAMS, P.J., and BUETTNER, J., concur.