2009 OK CIV APP 32

**Douglas KENNEDY, Plaintiff/Appellant,**

v.

**BUILDERS WAREHOUSE, INC., Defendant/Appellee.**

**No. 105,621.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 12, 2008.

Certiorari Denied March 9, 2009.

Tom M. Cummings, Oklahoma City, OK, for Appellant.

Kevin R. Donelson, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, OK, for Appellee.

LARRY JOPLIN, Judge.

¶1 Plaintiff/Appellant Douglas Kennedy (Employee or Plaintiff) seeks review of the trial court's order granting the motion for summary judgment of Defendant/Appellee Builders Warehouse, Inc. (Employer or Defendant) on Plaintiff's claim for alleged wrongful termination of his employment. Plaintiff asserts there exists a controversy of material facts upon which reasonable people might reach different conclusions, and the trial court consequently erred in summarily disposing of his claim.

¶2 Plaintiff worked for Defendant over two years. On July 18, 2005, Plaintiff suffered an on-the-job injury to his left leg, which he reported to Employer. Employer provided medical treatment, and, on August 1, 2005, the medical provider released Plaintiff to return to work without restriction.

¶ 3 On or about August 26, 2005, Plaintiff allegedly had an altercation with a co-employee, and Employer sent Plaintiff home to "cool off." On Wednesday, August 31, 2005, Employer terminated Plaintiff's employment.

¶ 4 In November 2006, Plaintiff commenced the instant action. Plaintiff alleged Employer fired him because he told Employer he intended to obtain an attorney and pursue a claim for workers' compensation benefits, and that Employer's termination of his employment consequently violated 85 O.S. § 5.

¶ 5 Employer filed a motion for summary judgment. Employer attached evidentiary materials demonstrating that Plaintiff had neither retained an attorney nor commenced a workers' compensation claim until after the termination of his employment, and that Employer terminated Plaintiff's employment only on account of the altercation with his co-employee.

¶ 6 By verified response, Plaintiff objected. Plaintiff denied that he participated, verbally or physically, in any altercation with his co-employee, asserted that he reported the co-employee's threatening behavior to his supervisor, but that the co-worker suffered no discipline, and argued that Employer used the altercation as a pretext for his termination. While he admitted he did not hire an attorney or file a workers' compensation claim prior to the termination of his employment, Plaintiff also asserted that he told his supervisor he needed additional medical treatment after he was released to return to work, that he told his supervisor he would hire a lawyer to file a workers' compensation claim if necessary to obtain the needed treatment, that his supervisor told him the owner would "hit the roof" if he did, and that his supervisor then directed him to obtain the necessary treatment and submit the bills to Employer for payment.

¶ 7 Employer replied, arguing that Plaintiff's verified response did not constitute an acceptable evidentiary substitute sufficient to withstand its motion for summary judgment. So, said Employer, because Plaintiff was consequently deemed to have admitted its statement of uncontroverted facts, its motion for summary judgment should be granted.

¶ 8 On consideration of the parties' submissions, the trial court held for Employer:

> The Court, being fully advised, having read the briefs herein, finds as follows: (1) Plaintiff did not hire an attorney or file a complaint with the Workers' Compensation Court prior to his termination as alleged in his Petition; and (2) Plaintiff did not respond to [Employer's] Motion for Summary Judgment with evidentiary support denying [Employer's] Statement of Undisputed Facts, and therefore, [Employer's] Motion for Summary Judgment should be sustained.

Plaintiff appeals, and the matter stands submitted for review on the trial court record.[1]

■ ¶ 9 Summary judgment is appropriate only where "there is no substantial controversy as to the material facts and ... one of the parties is entitled to judgment as a matter of law." Rule 13(e), Rules for District Courts of Oklahoma, 12 O.S., Ch. 2, App.; *Wylie v. Chesser,* 2007 OK 81, ¶ 3, 173 P.3d 64, 66. "Summary judgment is not a procedure to substitute a trial by affidavit for a full-blown trial." *Lowery v. Echostar Satellite Corp.,* 2007 OK 38, ¶ 11, 160 P.3d 959, 963–964. (Citations omitted.) Rather:

> Summary process—a special pretrial procedural track pursued with the aid of acceptable probative substitutes—is a search for undisputed material facts which, sans forensic combat, may be utilized in the judicial decision-making process. Summary relief is permissible where neither the material facts nor any inferences that may be drawn from uncontested facts are in dispute, and the law favors the movant's claim or liability-defeating defense. Only those evidentiary materials which eliminate from trial some or all fact issues on the merits of the claim or defense afford legitimate support for nisi prius resort to summary process for a claim's adjudication.

---

1. See, Rule 13(h), Rules for District Courts, 12 O.S.2001, Ch. 2, App.; Ok.S.Ct.R. 1.36, 12 O.S. 2001, Ch. 15, App.

*Reeds v. Walker,* 2006 OK 43, ¶ 8, 157 P.3d 100, 106.

¶ 10 " 'Acceptable probative substitutes' are those which may be used as 'evidentiary materials' in the summary process of adjudication." *Jackson v. Okla. Memorial Hosp.,* 1995 OK 112, ¶ 15, 909 P.2d 765, 773, fn. 35. "To that end, the court may consider, in addition to the pleadings, items such as depositions, affidavits, admissions, answers to interrogatories, as well as other evidentiary materials which are offered by the parties in acceptable form." *Campbell v. Independent School Dist. No. 01 of Okmulgee County,* 2003 OK 73, ¶ 8, 77 P.3d 1034, 1037.

¶ 11 In the federal courts, "[a] verified pleading may be treated as an affidavit and used in the action in any way in which an affidavit would be suitable." 5A Wright & Miller, *Federal Practice and Procedure Civil* 3rd, § 1339 (West 2008). (Footnotes omitted.) More particularly:

> .... Although a verified pleading, like any pleading, may be presented to the court in a summary-judgment proceeding, it will not be accorded the probative force of an affidavit unless it meets the requirements of Rule 56(e). This means that the content of the pleading must be asserted on the personal knowledge of the pleader, set forth facts that would be admissible in evidence, and show affirmatively that the pleader is competent to testify to the matters pleaded....

10B Wright & Miller, *Federal Practice & Procedure Civil* 3rd, § 2738 (West 2008). (Footnotes omitted.) Consequently, so long as the verified facts are sufficiently specific and based on the personal knowledge of the proponent, federal jurisprudence clearly regards a verified complaint or motion as an affidavit, properly considered in opposition to a motion for summary judgment. *See, e.g.,*

*Hayes v. Garcia,* 461 F. Supp.2d 1198, 1204 (S.D.Cal.2006).

¶ 12 Oklahoma jurisprudence appears to be in accord. That is, while it is clear that one may not rely on the allegations of his or her petition to successfully oppose affidavits offered in support of a motion for summary judgment, "[a] verified petition is not equivalent to mere allegations in a pleading." *Beard v. Love,* 2007 OK CIV APP 118, ¶ 13, 173 P.3d 796, 801.

¶ 13 In the present case, the trial court held that, because "Plaintiff did not respond to [Employer's] Motion for Summary Judgment with evidentiary support denying [Employer's] Statement of Undisputed Facts, ..., [Employer's] Motion for Summary Judgment should be sustained." However, in opposition to Employer's motion for summary judgment, Plaintiff tendered a verified response denying material parts of Employer's statement of uncontroverted facts, attested that "all statements contained [in his response] are true and correct according to my best information and belief," and the verification shows on its face it was "[s]ubscribed and sworn to before" a notary public.

¶ 14 Such a verified motion, "sworn under oath, as required by 12 O.S.2001 § 422," and including "declarations of the affiant's actions and observations" to which he would otherwise be competent to testify, "constitutes the equivalent of an affidavit." *See, Smith v. Teel,* 2008 OK CIV APP 7, ¶ 8, 175 P.3d 960, 964–965.[2] Inasmuch as Rule 13(c) specifically names an affidavit as "evidentiary material" properly considered on motion for summary judgment, we conclude the trial court erred in holding Plaintiff failed to oppose Employer's motion for summary judgment with evidentiary support.

¶ 15 That said, however, "[w]here a controversy is resolved by summary judgment, the appellate courts review the entire

---

2. "In his response, Smith first urged the trial court to strike each affidavit offered in support of the motion for summary judgment, because the affidavits do not state they are based on personal knowledge nor that the affiant is competent to testify. The challenged affidavits are sworn under oath, as required by 12 O.S.2001 § 422. Rule 13 does not require the affidavits to state they are based on personal knowledge. The affi-

davits appear to be made on personal knowledge; each includes declarations of the affiant's actions and observations. Additionally, although the affidavits do not express that the affiant is competent to testify, Smith has not suggested that each affiant was not in fact competent to testify. The Oklahoma Evidence Code provides that every person is competent to be a witness, except as provided in the Code. 12 O.S.2001 § 2601. ...."

summary judgment record independently and without deference to a lower court," i.e., de novo. *Lowery,* 2007 OK 38, ¶ 11, 160 P.3d at 963–964. (Citation omitted.) We must therefore canvass the record to determine what facts are material and whether there is substantial controversy as to any material fact. *Sperling v. Marler,* 1998 OK 81, ¶ 3, 963 P.2d 577, 579. Thus, in the present case, "[w]e will affirm only if [Employer has] established that there is no genuine issue as to any material fact and that [Employer is] entitled to judgment as a matter of law ..." *Craft v. Graebel–Oklahoma Movers, Inc.,* 2007 OK 79, ¶ 9, 178 P.3d 170, 173.

¶ 16 In this respect, Oklahoma law proscribes the termination ·of employment because "the employee has in good faith: [f]iled a [workers' compensation] claim; [r]etained a lawyer for representation regarding a claim; [i]nstituted or caused to be instituted any proceeding under the provisions of this title; [or][t]estified or is about to testify in any proceeding under the provisions of" the Oklahoma Workers' Compensation Act. 85 O.S. § 5(A). In applying § 5, the Oklahoma Supreme Court has held:

> The Legislature has made the burden of establishing a prima facie case for retaliatory discharge relatively easy. The discharged employee must show employment, on the job injury, receipt of treatment under circumstances which put the employer on notice that treatment had been rendered for a work-related injury, or that the employee in good faith instituted, or caused to be instituted, proceedings under the Act, and *consequent* termination of employment.

*Buckner v. General Motors Corp.,* 1988 OK 73, ¶ 9, 760 P.2d 803, 806. (Emphasis original.)

 ¶ 17 A proscribed retaliatory discharge may be shown by circumstantial evidence. *See, e.g., Estrada v. Port City Properties, Inc.,* 2007 OK CIV APP 23, 158 P.3d 495. For instance, "the timing of the discharge may constitute evidence of retaliatory motive, but it is not outcome determinative." *Estrada,* 2007 OK CIV APP 23, ¶ 13, 158 P.3d at 499. (Citations omitted.) "The employer's response to its employees' contem-plated or actual commencement of workers' compensation proceedings may also constitute evidence of retaliatory motive." *Id.*

 ¶ 18 "If the plaintiff demonstrates a prima facie case, 'the burden then appropriately shifts to the employer to rebut the inference that its motives were retaliatory by articulating that the discharge was for a legitimate non-retaliatory reason for the discharge.'" *Estrada,* 2007 OK CIV APP 23, ¶ 14, 158 P.3d at 500. (Citation omitted.) "Where plaintiff makes a prima facie showing of retaliatory discharge, and plaintiff's evidence is controverted by the defendant/employer, 'it [is] for the jury to decide what weight the evidence would be afforded.'" *Estrada,* 2007 OK CIV APP 23, ¶ 15, 158 P.3d at 500. (Citation omitted.) So, "where reasonable people could differ on the questions of the employer's retaliatory motive or pretextual explanation, [the motion for summary judgment] should be denied, and the questions submitted to the jury for resolution." *Id.*

¶ 19 In support of its motion for summary judgment, Employer adduced evidence showing that, at the time of his termination, Plaintiff had neither hired an attorney, nor commenced a workers' compensation claim. Employer also adduced evidence argued to show termination of Plaintiff's employment only because of his involvement in the altercation with his co-employee.

¶ 20 In opposition to Employer's motion for summary judgment, Plaintiff adduced evidentiary materials demonstrating his employment by Employer, his on-the-job injury, and Employer's provision of medical treatment for that injury. Plaintiff's materials also demonstrated Employer's termination of his employment a short time (1) *after* he was released to return to work without restriction by Employer's designated medical treatment provider, (2) *after* he complained to Employer he needed additional medical treatment, *and* (3) *after* he told his supervisor "he was going to hire a lawyer to get some medical treatment," and was told the owner would "hit the roof" if he hired a lawyer and filed a workers' compensation claim.

¶ 21 Plaintiff also denied that he participated, in any way, in the altercation with the co-employee. Plaintiff speculated that, because he was a more experienced and valuable employee, and because the co-worker was a less experienced and less valuable employee who spoke little English, and because Employer imposed no discipline on the co-worker after he reported the confrontation with the co-employee to his supervisor, Employer engineered the "altercation" as a pretext to justify his termination.

¶ 22 *Buckner* makes clear that the actual filing of a workers' compensation claim, or the actual retention of a lawyer for representation regarding a claim, is not fundamental to establish a prima facie case of retaliatory discharge under 85 O.S. § 5. 1988 OK 73, ¶ 9, 760 P.2d at 806. Viewing the evidentiary materials on summary judgment in the light most favorable to Plaintiff as we must, the evidence demonstrated Plaintiff's employment by Employer, Plaintiff's job-related injury, Employer's provision of medical treatment for Plaintiff's work-related injury, and Plaintiff's termination after telling his supervisor he would hire a lawyer and file a workers' compensation claim. While Employer professed the Plaintiff's confrontation with his co-employee constituted the sole, valid, non-retaliatory reason for his termination, Plaintiff adduced circumstantial evidence suggesting Employer's pretext.

¶ 23 We hold reasonable people might differ on the issue of Employer's retaliatory motive or pretextual explanation. We consequently conclude the trial court erred in granting Employer's motion for summary judgment. The order of the trial court is therefore REVERSED and the cause REMANDED for further proceedings.

ADAMS, P.J., and HANSEN, J., concur.