2013 OK CIV APP 53

Tambi BROWN, as Administrator of the Estate of Larinda Gayle Sutherland, and BOB SUTHERLAND, Plaintiffs/Appellants,

v.

WAYNOKA MENTAL HEALTH AUTHORITY, Sidney Smiley, Richard Moore, Barbara Icke, Kama Kruckenberg, and Northwest Substance Abuse Center, Defendants/Appellees.

Nos. 110,431, 110,764.

Court of Civil Appeals of Oklahoma, Division No. 2.

April 22, 2013.

Laurie J. Miller, Miller Law Firm, P.C., Norman, Oklahoma, for Plaintiffs/Appellants.

Reagan D. Allen, Julia C. Rieman, Gungoll, Jackson, Collins, Box & Devoll, P.C., Enid, Oklahoma, for Defendants/Appellees.

JOHN F. FISCHER, Presiding Judge.

¶ 1 This appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp.2011, ch. 15, app. 1, and the matter stands submitted without appellate briefing. Tambi Brown, as administrator of the estate of her mother Larinda Gayle Sutherland, and Bob Sutherland (collectively Brown) appeal the denial of their motion to reconsider the order granting summary judgment in favor of the defendants. We find that issues of fact preclude summary judgment with respect to Brown's wrongful termination theory of recovery but that the district court did not err in granting summary judgment to the defendants with respect to Brown's theories of recovery asserting violations of the Americans with Disabilities Act (ADA) and the

Comprehensive Omnibus Budget and Reconciliation Act (COBRA). Therefore, we affirm in part and reverse in part and remand for further proceedings.

## BACKGROUND

¶ 2 Brown's amended petition was filed on April 30, 2010. The petition named as defendants Waynoka Mental Health Authority and its board of directors. Waynoka does business as Northwest Substance Abuse Center. The petition alleges: (1) Gayle Sutherland was employed as the executive director of Northwest on July 29, 2008, when she was diagnosed with interstitial lung disease; (2) Sutherland was first admitted to the hospital for this illness on October 8, 2008, and was advised that she would need a lung transplant; (3) Sutherland notified Northwest and began discussions about the amount of leave she would be required to take; (4) Sutherland had sufficient accrued leave at that point to be absent with pay until November 21, 2008; (5) Sutherland was released from the hospital on October 23, 2008, and planned to return to work but her doctor suggested that she work from home; (6) The Waynoka Board, at a meeting on November 17, 2008, denied Sutherland's request to work from home and told her she could take six months of leave authorized by the Family Medical Leave Act (FMLA) starting when her accrued leave expired and that Northwest would no longer pay for her husband Bob's medical insurance; (7) Northwest terminated Sutherland without notice on January 31, 2009, and cancelled all her benefits including health insurance; (8) Although Bob Sutherland continued to pay his health insurance premiums, Northwest terminated his coverage without notice or COBRA notification; (9) Sutherland died February 10, 2009. The petition states two theories of recovery. The first asserts Sutherland's termination was wrongful and in violation of the FMLA and that the termination of health insurance of both Sutherlands violated COBRA. The second asserts that Sutherland was not provided reasonable work accommodation required by the ADA and that she was terminated because of her disability in violation of the "EEOC."

¶ 3 The defendants' motion for summary judgment asserted three substantive propositions: (1) Sutherland's wrongful termination claim fails because she was not terminated while she was on FMLA leave; (2) Sutherland's ADA claims fails because she did not exhaust administrative remedies; and (3) Sutherland's COBRA claim fails because the required documentation was sent to and received by the Sutherlands. The defendants' motion relied on fifteen statements of fact the defendants asserted were undisputed. Brown's response admitted the majority of those facts or stated that she was unable to admit or deny facts.

¶ 4 Once a defendant has introduced evidentiary materials showing no substantial controversy as to one material fact, the plaintiff has the burden of showing that "evidence is available which would justify a trial of the issue." *Runyon v. Reid*, 1973 OK 25, ¶ 13, 510 P.2d 943, 946. Further, 12 O.S.2011 § 2056(E) provides:

When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must, by affidavits or as otherwise provided in this rule, set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Pursuant to these authorities and Brown's response to the defendants' motion for summary judgment, the factual dispute between these parties is narrow and centers on the date Sutherland began her FMLA leave.

¶ 5 From this record, it is undisputed that the FMLA required Sutherland's employer to provide a maximum of twelve weeks of leave. And, it is undisputed that Sutherland had accrued leave through November 21, 2008. The defendants' motion asserts that Sutherland's FMLA leave began on October 9, 2008, and ended on January 2, 2009, although the defendants voluntarily extended Sutherland's FMLA leave until January 9, 2008. Brown contends the start date was November 21, 2008, and the end date would have been six months later and after Sutherland died. The defendants' position is sup-

ported by the affidavits of two employees and various documents, including the notice provided to Sutherland the October 23, 2008, showing the start date of her FMLA leave as October 9, 2008, and the anticipated end date as January 9, 2009. Brown's position is supported by her affidavit and the minutes of the Waynoka Board's November 17, 2008, meeting. The affidavit states that at the November 17 meeting Sutherland was told that she could start her FMLA leave on November 21, 2008, and that she would be given six months of FMLA leave from that date. The minutes attached to Brown's affidavit reflect that Gayle Sutherland and Brown were present and a motion to draft a separation agreement regarding Sutherland's employment status was tabled and no action was taken regarding that matter.

¶ 6 The defendants moved to strike Brown's affidavit arguing it did not state that it was based on personal knowledge and that it contained hearsay and other inadmissible statements. At the hearing on the defendants' motion, the district court agreed and struck Brown's affidavit. The court did not change that ruling when requested to do so in Brown's motion to reconsider. Without the Brown affidavit, the plaintiffs had no evidence to dispute the start and end dates of Sutherland's FMLA leave asserted by the defendants. As a result, the plaintiffs could not show that Sutherland was terminated while she was on FMLA leave in support of the wrongful termination claim. The district court also granted the defendants' motion to strike Sutherland's ADA claim because the summary judgment response did not contain any citation to authority in support of her contention that exhaustion of administrative remedies was not required. Finally, Brown conceded that all of the required COBRA documentation had been sent and withdrew the COBRA violation claim. As a result, argument at the hearing was limited to the plaintiffs' wrongful termination claim. The defendants' motion with respect to this claim was granted. Judgment in favor of the defendants was filed November 22, 2011.

¶ 7 Brown's motion to reconsider argued two propositions: (1) the court erred in striking Brown's affidavit; and (2) statutes and case law support Brown's wrongful termination claim based on equitable estoppel, i.e., the defendants are stopped from arguing that the end date for Sutherland's FMLA leave was January 9, 2009. Although Brown's motion also argues that newly discovered evidence "rekindles the COBRA claim," that evidence, i.e., the minutes of the January 20, 2009, Waynoka Board meeting, only show that the Waynoka Board authorized reimbursement for Sutherland's monthly COBRA insurance "when family brings in invoice." That evidence is insufficient to contradict the evidence submitted in support of the defendants' motion for summary judgment showing that all required COBRA documentation was submitted and that Bob Sutherland made payments to maintain his health insurance for a period of time. Consequently, we find nothing to warrant the withdrawal of Brown's concession during the summary judgment hearing that all required COBRA documentation was provided or any issue of material fact precluding summary judgment as to this matter. Further, Brown's motion to reconsider did not address her ADA claim, and the district court's ruling on that matter is not subject to appellate review.

¶ 8 Brown's motion to reconsider filed on December 2, 2011, was, in effect, a motion for new trial filed pursuant to 12 O.S.2011 § 653. See Horizons, Inc. v. Keo Leasing Co., 1984 OK 24, 681 P.2d 757. Title 12 O.S.2011 § 990.2(A) provides: "If the decision on the motion [for new trial] was against the moving party, the moving party may appeal from the judgment, decree or final order, from the ruling on the motion, or from both...." Although Exhibit C to Brown's Petition in Error asserts various errors in the summary judgment ruling, the only "Judgment, Decree or Order Appealed" attached as Exhibit A to the petition is the Order denying Brown's motion. Nonetheless, the petition in error states that the plaintiffs are appealing from an order granting summary judgment. We will review both orders of the district court but, for the reasons previously discussed, only with respect to Brown's wrongful termination claim.

## STANDARD OF REVIEW

¶ 9 The district court's decision on a motion for new trial is reviewed for an abuse of discretion. *Capshaw v. Gulf Ins. Co.*, 2005 OK 5, ¶ 7, 107 P.3d 595, 600. "An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, ¶ 13, 171 P.3d 890, 895 (footnote omitted). "Where, as here, our assessment of the trial court's exercise of discretion in denying ... a new trial rests on the propriety of the underlying grant of summary judgment, the abuse-of-discretion question is settled by our de novo review of the summary adjudication's correctness." *Reeds v. Walker*, 2006 OK 43, ¶ 9, 157 P.3d 100, 107.

¶ 10 Title 12 O.S.2011 § 2056 governs the procedure for summary judgment. A motion for summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." We review the district court's grant of summary judgment *de novo*. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. On review, we examine the pleadings and evidentiary materials submitted by the parties to determine whether there exists a genuine issue of material fact. *Id.* This Court bears "an affirmative duty to test all evidentiary material tendered in summary process for its legal sufficiency to support the relief sought by the movant." *Copeland v. The Lodge Enters., Inc.*, 2000 OK 36, ¶ 8, 4 P.3d 695, 699. The evidence and the inferences to be drawn from the evidence in the summary judgment record must be viewed in the light most favorable to the party opposing the motion. *Hargrave v. Canadian Valley Elec. Co-op., Inc.*, 1990 OK 43, ¶ 14, 792 P.2d 50, 55.

## ANALYSIS

¶ 11 First, we address proposition one in Brown's motion for new trial concerning the admissibility of Tambi Brown's affidavit. The defendants argue the affidavit was properly excluded because the affiant does not state the affidavit was made on personal knowledge. "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." 12 O.S.2011 § 2056(E). Brown argues that an affiant is not required to state that the affidavit is made on personal knowledge, citing *Kennedy v. Builders Warehouse, Inc.*, 2009 OK CIV APP 32, n. 2, 208 P.3d 474, 477 n. 2. In *Kennedy*, this Court found no requirement in Oklahoma District Court Rule 13, 12 O.S.2011, ch. 2, app., for an affidavit to contain a statement that it was made on personal knowledge. We find no similar requirement in section 2056. The statute does not require an affiant to state that the affidavit is made on personal knowledge. The statute requires that the facts asserted in the affidavit be made on personal knowledge. At a minimum, Brown's motion for new trial establishes that Tambi Brown was present at a meeting when certain statements were made on which Brown relies to dispute some of the facts asserted in the defendants' motion for summary judgment. Brown's motion also establishes the relationship between the affiant and Sutherland, supporting the affiant's personal knowledge with respect to other matters material to the defendants' motion. It may be that some of the facts asserted in the affidavit will be inadmissible at trial. However, and with respect to material facts necessary to the defendants' judgment, we hold that the affidavit satisfies the requirements of section 2056(E) and it was error to grant the defendants' motion to strike that affidavit in its entirety. And, consequently, it was error to overrule Brown's motion for new trial in this regard. We therefore review Brown's wrongful termination claim with the aid of Tambi Brown's affidavit.

¶ 12 In part, the purpose of the Family Medical Leave Act is to entitle employees who have serious medical conditions to take reasonable leave in a manner that accommodates the legitimate interests of employers and to return to work at the end of that time. *See* 29 U.S.C. § 2601. The FMLA provides that eligible employees shall be entitled to twelve weeks of leave: "Because of a serious

health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). An eligible employee who takes FMLA leave shall, on return from that leave, "be restored by the employer to the position of employment held by the employee when the leave commenced; or restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1)(A) & (B). In certain circumstances, an employer may deny restoration if "the employer notifies the employee of the intent of the employer to deny restoration...." 29 U.S.C. § 2614(b)(1)(B). During the time an eligible employee is on FMLA leave "the employer shall maintain coverage under any "group health plan" ... for the duration of such leave...." 29 U.S.C. § 2614(c)(1). It is unlawful for an employer to "interfere with, restrain, or deny" an employee the right to take FMLA. 29 U.S.C. § 2615(a)(1). Damages for violation of the FMLA include "any actual monetary losses sustained by the employee as a direct result of the violation...." 29 U.S.C. § 2617(a)(1)(A)(i)(II).

¶ 13 In the context of the FMLA, summary judgment in favor of the defendants with respect to Brown's wrongful termination claim is problematic in two areas. The first, as mentioned, concerns the date Sutherland's FMLA leave began. The second involves the FMLA requirement to restore an employee to employment at the expiration of the FMLA leave unless the denial of employment is authorized by 29 U.S.C. § 2614(b)(1)(B).

 ¶ 14 In their motion for summary judgment, the defendants took no position regarding whether Sutherland was terminated when her FMLA leave expired. The defendants do argue that if Sutherland was terminated as alleged in Brown's amended petition, the termination occurred after Sutherland's FMLA leave expired. However, the FMLA requires proof that the employee was offered restoration to employment or that the employer had determined that denial of restoration was "necessary to prevent substantial and grievous economic injury" and notified of its intent to deny restoration. The record contains only three documents that address this issue. Paragraph "D(4)" of Northwest's Personnel Policy and Procedures (Manual) provides: "A properly executed FMLA leave form shall afford the employee the right to be returned to their position or one of like nature, upon the expiration of such leave." Northwest's October 23, 2008, notice to Sutherland regarding her request for FMLA leave states, in paragraph 7(b), that Northwest has "not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us." The final document is Northwest's COBRA Termination Form to Sutherland. That document is to be "submitted to all Employees who are leaving your employment...." It is dated January 2, 2009, the date the defendants contend Sutherland's FMLA leave expired, although they voluntarily gave her an additional week of leave. The Termination Form also states that Sutherland resigned. Brown denies that Sutherland resigned. There is no document in the record showing that Sutherland resigned and neither of the affidavits submitted in support of the defendants' motion contend that Sutherland resigned. Further, Brown points out that January 2, 2009, was the date Sutherland entered the hospital for the second time. Although Sutherland remained hospitalized until her death on February 10, 2009, there is no evidence in the record that outcome was certain on January 2, when Northwest submitted its Termination Form. Consequently, the defendants' motion fails to establish as a matter of law that they offered to restore Sutherland to employment at the conclusion of her FMLA leave or were excused from doing so. If the moving party has not addressed all material facts, or if one or more of such facts is not supported by acceptable evidentiary material, summary judgment is not proper. *Spirgis v. Circle K Stores, Inc.,* 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court).

¶ 15 The second factual issue precluding summary judgment is the date Sutherland's FMLA leave began. Where the reason for the leave is foreseeable, an employee is required to provide an employer not less than

thirty days notice before the date the leave is to begin of the employee's intent to take FMLA leave. 29 U.S.C. § 2612(e)(2)(B). This requirement is confirmed in Northwest's Manual attached as Exhibit A2 to the defendants' motion for summary judgment: "Employees who want to take FMLA leave ordinarily must provide at least thirty (30) days notice of the need for leave, if the need for leave is foreseeable." (Manual p. 29, ¶ L(4)). There is no evidence in this record that Sutherland's need to take leave when transplant surgery was available and to recover from that surgery were unforeseeable, although the date that leave might start was uncertain. There is also no evidence in this record that Sutherland submitted a request for FMLA leave. There is evidence that Sutherland submitted a request to work from home and that Northwest denied that request.

¶ 16 Viewed in the light most favorable to Brown, the evidence in this record shows that Northwest picked October 8, 2008, as the date to start Sutherland's FMLA leave. That appears to be the date Sutherland learned she would have to have a transplant and the date she informed Northwest of that news. We find untenable the defendants' argument that it was necessary to start Sutherland's FMLA leave on that date to continue her health insurance coverage because she would be working less than twenty hours a week. Defendants misinterpret the Oklahoma Public Employees Health & Welfare Plan requirements. The portion of the OPEH & W Benefits Coordinator Handbook the defendants rely on states:

> Full time employees are eligible. A full time employee is one who is actively working the entity's required hours for a full-time employee. The Plan requires the work week to be not less than twenty hours. If the entity's work week requires more than 20 hours, then the entity's requirement will supersede.

From this, the defendants conclude that when Sutherland worked less than twenty hours a week she was no longer a full-time employee. The Plan requirement does not focus on the number of hours an employee works from week to week, it determines full-time status by the number of hours set by the employer for full-time status. From the time sheet attached to Brown's summary judgment response, it appears that Northwest established forty hours per week as the minimum for its full-time employees. There is nothing in the Plan requirement that states a full-time employee must work forty hours each and every week to maintain full-time status. That construction would prevent full-time employees from taking sick or vacation leave unless they also worked forty hours the week in which the leave was taken. That construction is inconsistent with common practice and is not established by anything in this record. Consequently, the fact that Sutherland was on leave for medical reasons did not affect her status as a full-time employee eligible for FMLA leave.

¶ 17 Further, it is undisputed that Sutherland was hospitalized on October 8, 2008, and was released on October 23, 2008. It is also undisputed that Sutherland had sufficient accrued leave to cover that absence from work. The defendants argue that October 9 is the appropriate date to start her FMLA because Sutherland was required to substitute any accrued leave for FMLA leave. Section 2612(d)(2)(B) of the FMLA provides that an employee with a serious health condition may elect or an employer may require the employee "to substitute any of the accrued paid [leave] ... for any part of the 12–week period of [FMLA] leave...." And, Northwest's October 23, FMLA notice to Sutherland states: "We [will] require that you substitute accrued paid leave for unpaid FMLA leave." However, Northwest's election on that form cannot be reconciled, for summary judgment purposes, with paragraph "D) Sick Leave without Pay" of the Manual. That paragraph addresses FMLA leave and the documentation Northwest will require in support of FMLA leave. Paragraph "D(1)" of the Manual provides: "Authorized employees incurring a long illness or convalescent period, which includes but is not limited to; life threatening disease, illness or injury. Employees may request this type of leave upon exhausting all accrued sick leave and/or vacation time." Consequently, the defendants have failed to establish by undisputed fact that Sutherland was required to use her ac-

crued leave for the period from October 8 to October 23. If she was not, the earliest Sutherland's FMLA leave began was October 23, 2008. Twelve weeks from that date is January 15, 2009. In addition, the Tambi Brown affidavit establishes a dispute of fact as to whether Sutherland was told her FMLA leave would start on November, 21, 2008. If either date is ultimately established as the start date for Sutherland's FMLA leave, judgment for the defendants is not proper. An employee is entitled to recover "any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks . . . of wages or salary for the employee," 29 U.S.C. § 2617(a)(1)(A)(i)(II), together with interest and liquidated damages equal to the actual damages. Likewise, if either date is established as the start date of Sutherland's FMLA leave and Brown can show that Sutherland was terminated within twelve weeks of that date, her wrongful discharge claim cannot be resolved on summary judgment. Finally, although the evidence supporting Brown's position on this issue is minimal and the evidence supporting the defendants' position is substantial, there is a dispute of fact as to whether Sutherland was assured by her employer that she would be given more than twelve weeks of FMLA leave, precluding summary judgment on that issue as well.

## CONCLUSION

¶ 18 Brown's motion for new trial sought reconsideration of the district court's order striking the affidavit of Tambi Brown. The affidavit satisfies the requirements of 12 O.S. 2011 § 2056(E) with respect to issues of fact concerning the start date of Gayle Sutherland's FMLA leave and the end date of that leave, and the motion should have been granted in that respect. Consequently, the defendants have failed to show that they are entitled to judgment as a matter of law with respect to Brown's theory of recovery based on wrongful termination. The district court properly granted judgment in favor of the defendants with respect to all of Brown's other theories of recovery and, therefore, did not err in denying Brown's motion in that respect. That portion of the judgment in favor of the defendants is affirmed. The judgment in favor of the defendants as to Brown's wrongful termination claim is reversed, and this case is remanded for further proceedings.

¶ 19 **AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**

BARNES, V.C.J., and WISEMAN, J., concur.