**Katherine ANDERSON, Plaintiff in Error,**

v.

**Ben D. CHAPMAN, Defendant in Error.**

**No. 38561.**

Supreme Court of Oklahoma.

Nov. 15, 1960.

John Connolly, W. A. Carlile, Oklahoma City, for plaintiff in error.

Smith & Townsend, Tulsa, for defendant in error.

WELCH, Justice.

The action was filed in the district court on May 28, 1957, and originally set for trial on June 5, 1958, but continued from that date to June 9, 1958, on oral motion by counsel of defendant because defendant was out of town. The court thereafter, on June 9, 1958, passed the case over to June 10, 1958. On June 10, 1958, the defendant presented her application for continuance with physician's affidavit attached, and said case was stricken from that trial docket and reset for trial for September 8, 1958. When the cause was called for trial on this latter date the defendant again presented an application for continuance with physician's affidavit attached thereto. This application was by the court overruled, to which ruling defendant excepted, the case immediately proceeded to trial without defendant being present, and resulted in a judgment against defendant in a substantial sum, from which this appeal is prosecuted.

It is first argued by the defendant that the trial court erred in that it abused its discretion in denying the defendant's application for a continuance.

We observe from the record that the nature of the action was such that from the defendant's viewpoint, the defendant was in sole possession of the facts regarding the legal services performed by the plaintiff. Therefore, in the furtherance of justice, the defendant should have had a reasonable opportunity to be present at the trial, not only to testify in her own behalf, but also to advise with and assist her attorney in the trial of the case. Borman v. Geib, 94 Okl. 270, 221 P. 1006.

The application for continuance herein states that practically all of the items which form the subject matter of plaintiff's suit were based upon transactions between plaintiff and defendant, and the two parties constituted the sole witnesses in respect thereto; that defendant's presence was essential as a witness and for the purpose of assisting her attorney in the conduct of the defense of her case, and that the application is not made for the purpose of delay. The physician's affidavit which was attached to the application as "Exhibit A," stated that defendant was a patient of his (apparently in Oklahoma City); that he had examined her and found that she was suffering from nervous shock caused from a broken back and left wrist (apparently resulting from an accidental fall down a flight of stairs); that in his opinion she was too emotionally upset to appear in court and protect her constitutional rights at that time; and that approximately a couple of months of medication and treatment must be given her before she would recover. The physician stated that she "should be able to report in court in from four to six weeks."

The record does not reveal why the trial court denied the application for continuance. While we do not deem it essential that the reasons be shown, we are of the opinion that there is good cause to believe the statements in the affidavits of the attorneys and physician, and to believe that they were made in good faith in the absence of any evidence to the contrary. Cullison v. Triplett, Okl., 281 P.2d 743.

It is a settled rule of law that an application for continuance is addressed to the sound discretion of the trial court, and that the granting or refusal of a continuance will not be reversed by an appellate court unless it clearly appears that there is an abuse of discretion. We think that the showing in this case was sufficient to entitle the defendant to a continuance of the trial of said case and to demonstrate that it was an abuse of discretion to deny the same.

While we are mindful of the fact that the courts in some jurisdictions look upon second or further continuances with disfavor, we are of the view that justice does not demand that a trial should be so hurried that a party to the action whose presence is apparently essential for the protection of their rights, who is absent on account of illness or serious accidental injury, should be deprived of the right to be present.

We find and hold that the trial court herein erred in refusing to postpone the trial of this case, and its judgment is therefore reversed and the cause remanded with instructions to grant a new trial.

WILLIAMS, V. C. J., and JOHNSON, JACKSON and IRWIN, JJ., concur.

HALLEY and BLACKBIRD, JJ., dissent.

HALLEY, Justice (dissenting).

I dissent to the majority opinion in this case for I think there was no abuse of discretion on the part of the trial judge. On April 30, 1958, this cause was set for trial on June 4, 1958. On June 4, 1958, the case was passed until the next day because of there being too many cases ready for trial. Both parties announced ready for trial that day. On June 5th, plaintiff announced ready for trial. The defendant's lawyer announced he was not ready for trial as his client was then in Dallas, Texas, and moved for a continuance to June 9th. Defendant's counsel asked for a continuance as his "hard to control client" had left town without his

knowledge and called him from Dallas. The court passed the case until Monday the 9th of June with the understanding that if defendant was not present plaintiff could take a default judgment and there would be no further continuance. On June 9th, plaintiff again announced ready for trial. Counsel for defendant said his client was ill and asked the case be passed to June 10th so he could furnish affidavits of the defendant and a doctor. It was so passed.

On June 10th defendant by counsel introduced an application for continuance accompanied by an affidavit from an Oklahoma City physician that defendant could not proceed to trial because she was too emotionally upset to attend court but in his opinion she should have approximately two weeks or more of medication before she would recover.

The case was next set for September 9, 1958. On that date another application for a continuance was made by counsel for defendant based upon an affidavit by the same Oklahoma City doctor that the defendant was too emotionally upset to appear in court and she had also fallen down a flight of stairs and fractured her spine and left wrist. The doctor did not say defendant could not appear in court because of her injuries nor did he say when her injuries occurred. The doctor did state by an unsworn postscript to the affidavit that "Mrs. Anderson should be able to report into court from four to six weeks from date." This did not meet the requirements of the statute for continuance, 12 O.S.1951 § 668.

The trial judge denied the continuance and ordered the case to trial before a jury. A verdict was rendered for plaintiff for $7,141.

The evidence by good lawyers showed that plaintiff's services were well worth the amount of the verdict.

No effort was made to furnish defendant's testimony to refute the allegations and proof of the plaintiff.

The evidence showed plaintiff had waited far too long to be paid for his services. A

plaintiff is not required to wait forever to have his claims adjudicated. It would have been an abuse of discretion to have allowed any further continuance in this case when there had been so many delays on apparently flimsy excuses.

I dissent.

I am authorized to state that BLACKBIRD, J., concurs in the views expressed herein.