2014 OK CIV APP 65

**JLEE COMPANY, L.L.C.,**
**Plaintiff/Appellant,**

v.

**RENEAU SEED COMPANY,**
**Defendant/Appellee.**

No. 110,931.

Court of Civil Appeals of Oklahoma,
Division No. 1.

April 18, 2014.

Certiorari Denied June 16, 2014.

Frank E. Walta, Hennessey, Oklahoma, for Appellant.

Matthew R. Oppel, Kingfisher, Oklahoma, for Appellee.

LARRY JOPLIN, Presiding Judge.

¶1 Plaintiff/Appellant, JLEE Company, L.L.C., was the prevailing party in a breach of contract action filed in Kingfisher County District Court. After prevailing in the underlying action, Appellant filed a motion for attorney fees and costs, pursuant to 12 O.S. 2001 § 936. After a June 15, 2012 hearing, the trial court issued its order on June 28, 2012, granting costs in the amount of $262.30 and denying Plaintiff/Appellant's request for attorney fees, finding "no evidence was presented as to the reasonable value for the services performed." From this order Appellant brings this appeal.

¶2 In its appeal, Appellant asserted the trial court erred when it ruled Plaintiff/Appellant presented no evidence. Appellant's second proposition of error asserted the trial court's ruling is inconsistent with 12 O.S.2001 § 936 and State ex rel. Burk v. City of Oklahoma City, 1979 OK 115, 598 P.2d 659. In its third proposition, Appellant argued there were no procedural deficiencies in the evidence presented to support Plaintiff/Appellant's attorney fee motion. Appellant's final proposition argued it was an abuse of discretion for the trial court to deny the continuance request of Plaintiff/Appellant's counsel, so that an expert witness might be called to support the reasonableness of the fee request.

¶3 In August 2011, Plaintiff/Appellant filed a motion for summary judgment in the underlying breach of contract action. The trial court informed the parties of its ruling in Plaintiff/Appellant's favor on February 8, 2012 and memorialized the judgment in July 2012. Defendant/Appellee filed a motion for new trial which was denied. On April 13, 2012, after the court had informed the parties of its ruling, Plaintiff/Appellant filed a motion for attorney fees and costs, requesting $14,512.50 in attorney fees. The motion was accompanied by a detailed affidavit from Plaintiff/Appellant's counsel, outlining the time records, dates, tasks, and billing in the case.

¶4 On June 15, 2012, the trial court conducted a hearing on the attorney fee motion. Counsel for Appellant explained some of the underlying reasons for the fee, including billing that was omitted from the fee request, and asked the court award $14,512.50 in attorney fees to Plaintiff/Appellant, as prevailing party. Defendant/Appellee, Reneau Seed Company, agreed to the reasonableness of counsel's hourly fee rate, but objected to the reasonableness of the overall fee request of $14,512.50, arguing the time billed was excessive and unreasonable under the circumstances of the case, because the recovery was modest and the case did not involve novel or complex legal issues. Appellee's counsel then "demurred" to Appellant's attorney fee motion. The court asked Appellant's counsel if he was prepared to present expert testimony in support of the motion. Counsel asked for a continuance in order to present expert testimony. The continuance was denied. The trial court indicated its ruling would favor defense counsel's demurrer, although the court was going to take the motion under advisement and allow the parties time to present authority in support of their respective positions. The court told Appellant's counsel that he had presented "no evidence" in support of his fee request and the court could not simply rely on the motion itself, unless it was agreed to by both parties, which it was not in this case. Plaintiff/Appellant's counsel renewed his request for a continuance to call an expert, which was again denied.

¶5 A question regarding entitlement to an award of attorney fees or costs presents a question of law for the appellate court to review de novo. Finnell v. Seismic, 2003 OK 35, ¶7, 67 P.3d 339, 342. Where the issue before the appellate court is one of

the "reasonableness" of the award, the appellate court will review the trial court's decision to determine if there has been an abuse of discretion. *Burk*, 598 P.2d at 663.

■ ¶ 6 Appellant first alleges the trial court erred in finding Plaintiff/Appellant presented "no evidence" in support of its motion for attorney fees. Appellant points out it submitted a sworn, notarized affidavit from Appellant's attorney with the motion for attorney fees, outlining the attorney's billing, including dates, the work or task performed on that date and the amount of time billed for the work.

■ ¶ 7 An affidavit is one of the methods by which witness testimony is taken. 12 O.S.2001 § 421. And affidavits may be considered as evidence:

> To that end, the court may consider, in addition to the pleadings, items such as depositions, *affidavits*, admissions, answers to interrogatories, *as well as other evidentiary materials* which are offered by the parties in acceptable form.

*Residential Funding Real Estate Holdings, L.L.C. v. Adams*, 2012 OK 49, ¶ 17, 279 P.3d 788, 793 (emphasis added).

> Such a verified motion, "sworn under oath, as required by 12 O.S.2001 § 422," and including "declarations of the affiant's actions and observations" to which he would otherwise be competent to testify, "constitutes the equivalent of an affidavit." *See Smith v. Teel*, 2008 OK CIV APP 7, ¶ 8, 175 P.3d 960, 964–965. *Inasmuch as Rule 13(c) specifically names an affidavit as "evidentiary material"* properly considered on motion for summary judgment, we conclude the trial court erred in holding Plaintiff failed to oppose Employer's motion for summary judgment with evidentiary support.

*Kennedy v. Builders Warehouse, Inc.*, 2009 OK CIV APP 32, ¶ 14, 208 P.3d 474, 477. In another case, the appellate court found the paternity affidavit in question, signed before a notary, unequivocally acknowledging the child's paternity, was sufficient evidence to establish the child's legitimacy for purposes of intestate inheritance; and that the properly notarized and acknowledged document

" 'imports verity' that can only be overcome by clear and convincing evidence." *In re Estate of Gentry*, 2004 OK CIV APP 34, ¶¶ 5–9, 90 P.3d 1015, 1017–18.

¶ 8 The appealed from order states, "[t]he Plaintiff presented no evidence, but did present argument." The record shows Plaintiff/Appellant submitted a five page affidavit in support of its attorney fee motion, which contained detailed billing entries spanning a four year period from 2008 to 2012. The affidavit was a form of evidentiary material and the court was in error to find Appellant had submitted *no evidence* at all.

¶ 9 Appellant's second proposition asserts the trial court's ruling is contrary to *Burk*, 1979 OK 115, 598 P.2d 659, and 12 O.S. § 936, arguing *Burk* does not find that an affidavit is insufficient to support an attorney fee award. The court made the following statement at the hearing, "you [Plaintiff/Appellant] have to present the evidence. It's an evidence-driven question and I can't rely upon just a motion unless it's agreed to." This statement and others indicate the trial court viewed the affidavit as merely part of the motion itself and not as evidence. Whether the court did so because of its reading of *Burk* is not clear from the record. However, we agree with Appellant that *Burk* does not address the issue of affidavits or whether an affidavit may be considered as evidence.

■ ¶ 10 Appellant next argues that 12 O.S.2001 § 936(A) compels the award of a reasonable attorney fee to the prevailing party:

> A. In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party *shall be allowed a reasonable attorney fee to be set by the court*, to be taxed and collected as costs.

(Emphasis added.) No party in this case has asserted that § 936 does not apply. The Oklahoma Supreme Court has held the pre-

vailing party who sought fees under § 936 was entitled to a reasonable attorney fee and "[t]he decision to award attorney fees in this case is not discretionary." *Ellis v. Lebowitz,* 1990 OK 107, 799 P.2d 620, 621. The U.S. District Court, applying the Oklahoma statute, has reached a similar conclusion:

> An award of fees under section 936 is mandatory, *Arkla Energy Resources v. Roye Realty and Developing, Inc.,* 9 F.3d 855, 865 (10th Cir.1993) (citing *Ellis v. Lebowitz,* 1990 OK 107, 799 P.2d 620, 621); however, in all cases the amount of fees awarded must be reasonable. *Morgan v. Galilean Health Enterprises, Inc.,* 1998 OK 130, ¶ 14, 977 P.2d 357, 364. The determination of reasonableness and the amount of the fee award are generally left to the sound discretion of the district court. *Arkla Energy,* 9 F.3d at 865 (citing *Wilkerson Motor Co. v. Johnson,* 1978 OK 12, 580 P.2d 505, 509); *Gamble, Simmons & Co. v. Kerr–McGee Corporation,* 175 F.3d 762, 773 (10th Cir.1999) (applying 12 O.S. § 936). An award of fees must be reasonable under the particular circumstances and must bear some reasonable relationship to the amount in controversy. *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.,* 1987 OK 16, 737 P.2d 1186, 1189.

*Oklahoma Natural Gas Co. v. Apache Corp.,* 355 F.Supp.2d 1246, 1253 (N.D.Okla.2004). Based on the mandatory language of the statute and the Oklahoma Supreme Court's decision in *Ellis,* we agree Appellant is entitled to a reasonable attorney fee award under § 936. *Hurst v. Empie,* 1993 OK 47, 852 P.2d 701, 706 ("The use of shall is directive rather than permissive. It excludes the idea of discretion.").

¶ 11 Appellant next argues that due process does not require an evidentiary hearing to award attorney fees under § 936 and the trial court could have awarded Plaintiff/Appellant attorney fees based solely on the motion and attached affidavit, provided Defendant/Appellee had an opportunity to respond. This allegation of error relates, in part, to Appellant's first proposition, wherein Appellant argues the affidavit was evidentiary support for the attorney fee motion. Ap-

pellant cites a Montana case for the proposition that a hearing is not necessary prior to the awarding of attorney fees. Appellant then asserts there were no procedural deficiencies in the evidence or the method of Appellant's attorney fee request. It is unclear what relief Appellant seeks with this proposition of error, especially in light of the fact the trial court did conduct a hearing on the attorney fee motion in this case. To the extent this proposition is related to Appellant's first allegation of error, we agree the affidavit was evidentiary material the court could consider in determining a reasonable attorney fee. However, Appellant's contention that the trial court could award a reasonable attorney fee based solely on the information in the Plaintiff/Appellant's affidavit is not a question that is properly before this court on appeal. As a result, no relief is warranted on this proposition of error.

¶ 12 Appellant's final allegation of error argues it was an abuse of the trial court's discretion to deny Plaintiff/Appellant's request for a continuance in order to call an expert witness. "It is a settled rule of law that an application for continuance is addressed to the sound discretion of the trial court, and that the granting or refusal of a continuance will not be reversed by an appellate court unless it clearly appears that there is an abuse of discretion." *Anderson v. Chapman,* 1960 OK 235, 356 P.2d 1072, 1073.

¶ 13 In support of this proposition, Appellant cites *Branch v. AmeriResource Group, Inc.,* 2001 OK CIV APP 86, ¶ 17, 29 P.3d 605, 612–613:

> In weighing the facts of the instant case in light of the factors used in other states as noted above, we are persuaded that the trial court in the instant case abused its discretion in denying Employer's request to reopen its case to present evidence in support of its counterclaim. This is particularly so where the parties are present in the courtroom, the witnesses are available in the hallway, closing arguments have not begun, nor has the court announced its decision, or indeed even retired to make its decision....counsel's mistake caused no prejudice, surprise or delay.... The record reveals no reasonable basis for the

trial court's decision in light of the circumstances.

Appellant's reliance on *Branch* in this case is misplaced. The record does not indicate Appellant had an expert witness immediately available and the court had already announced its decision to the parties when Appellant requested the continuance to call an expert. Appellant has not demonstrated a clear abuse of the trial court's discretion in denying the continuance in this case.

¶ 14 Because the trial court erred in its determination that Plaintiff/Appellant presented no evidence in support of its attorney fee motion and 12 O.S. § 936 compels the award of a reasonable attorney fee to the prevailing party under the applicable statute, the order of the trial court is REVERSED and this cause REMANDED for further proceedings, so the trial court may determine a reasonable attorney fee award under the provisions of § 936.

¶ 15 REVERSED and REMANDED.

BUETTNER, J., concurs.

HETHERINGTON, V.C.J., specially concurs with opinion.

¶ 1 This case is a classic example of the post *Burk* and *Oliver's Sports Center v. National Standard Insurance,* 1980 OK 120, 615 P.2d 291, dilemma our trial courts are faced with in determining a reasonable total attorney fee award in a prevailing party § 936 case. As happens frequently, the requested hourly rate is stipulated to but there is a challenge to the total fee requested and reasonableness of total time spent. Usually, this is known before the hearing date and the moving attorney and opposing counsel will discuss and agree or not, whether an expert should testify. Moving counsel, particularly where large fees are at stake, will have an expert present to testify and be cross examined. But, all too often, what a trial judge gets is what occurred in this case.

¶ 2 Trial courts are put in a position, as this judge was, of having very little guidance as to what is really required in the way of quantum and type of evidence, and where the burden of proof rests. Is the affidavit, attestation and argument of moving counsel

enough to pull a number out of the air? Is the affidavit and argument prima facie proof that shifts the burden to opposing counsel to put on evidence to rebut? If contested, should the defending attorney be required by rule to give notice of a total reasonableness challenge at least ten days in advance of an evidentiary hearing where the burden is upon the moving attorney to have an "expert" present for testimony and cross examination, and then the evidentiary burden to rebut shifts?

¶ 3 This opinion is correct, the trial judge erred by essentially sustaining a demurrer to moving attorney's evidence, thus finding the affidavit, attestation and argument did not carry the burden of proof. In my view, the trial judge should have allowed the moving attorney to have some time to present further total reasonableness evidence and hear cross examination. The case must be remanded for that reason.

¶ 4 *Burk,* ¶ 20 reads:

Hereafter, attorneys in this state should be required to present to the trial court detailed time records showing the work performed *and offer evidence as to the reasonable value for the services performed* for different types of legal work. Reasonable value of services should be predicated on the standards within the local legal community. (Emphasis added).

¶ 5 Since *Burk,* the highlighted portion of the holding requires the moving attorney to offer evidence of, not the rate charged where stipulated to, but the reasonableness of the total time spent under the *Burk* criteria as relevant to the local legal community standards. In the interest of judicial economy and efficiency, it is this Judge's view that the affidavit with attestation and argument of moving counsel is prima facie proof upon which the trial judge may, if the judge chooses to, and if nothing else is presented, determine a reasonable number as best as he or she can. Opposing counsel can call the moving attorney and cross examine, but at least we give guidance to trial courts as to how to determine a reasonable total fee when faced with this all-too-common hearing circumstance. If the case warrants, an "expert"

witness is the better practice because then the trial court gets more than the self-serving argument and unchallenged evidence from the affidavit.

¶6 I concur and agree to remand, but would allow the trial judge to either determine a reasonable fee from the affidavit and argument he has before him, or allow further evidentiary hearing with the burden having shifted to opposing counsel to come forth with competent relevant evidence under *Burk* to challenge the requested total fee.