**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TEAM SYSTEMS INTERNATIONAL,
LLC,

     Plaintiff - Appellant,

v.

JEFF HAOZOUS, a/k/a Jeff Houser,
individually and as President of Fort Sill
Apache Industries and Chief Executive
Officer of Fort Sill Apache Industries
Board of Directors; FORT SILL APACHE
INDUSTRIES; FORT SILL APACHE
INDUSTRIES BOARD OF DIRECTORS,
as Managers of Fort Sill Apache Industries,

     Defendants - Appellees.

No. 16-6277
(D.C. No. 5:14-CV-01018-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Plaintiff Team Systems International, LLC (TSI), sued Fort Sill Apache

Industries (FSAI), the FSAI Board of Directors, and its President and CEO, Jeff

Haozous (the Defendants) for breach of contract and related claims. The district

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

court dismissed its complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (the Dismissal), and we affirmed. *Team Sys. Int'l, LLC v. Haozous*, 656 F. App'x 907, 913 (10th Cir. 2016). The district court awarded attorney fees in favor of the Defendants, and TSI now appeals that award.[1]

## I. BACKGROUND

TSI sued the Defendants alleging they breached the parties' Engagement Agreement. Under the Agreement, FSAI promised to compensate TSI if it obtained "financing" or a "strategic partner" for FSAI's construction contracts with the federal government. *Id*. at 909 (internal quotation marks omitted). TSI arranged for payment and performance bonds relating to an FSAI construction project and introduced FSAI to a company that became the primary subcontractor for the project. When FSAI refused to compensate TSI, TSI filed this suit. The district court ruled that TSI failed to state a breach of contract claim against FSAI or Mr. Haozous because the performance bond did not constitute "financing" and the subcontractor was not a "strategic partner," and because the FSAI Board was not subject to suit. *Id*.

The Defendants then moved for an attorney fees award of $32,530.25 under Okla. Stat. tit. 12, § 936(A), which permits an award of reasonable attorney fees for the prevailing party in a civil suit for "services rendered." In support of their motion,

---

[1] In affirming the dismissal of TSI's complaint, we granted the defendants' motion for attorney fees on appeal, and remanded to the district court for a determination of the amount to award. The district court entered its award of attorney fees for the appeal, and TSI is appealing that award in a separate pending appeal, *Team Sys. Int'l, LLC v. Haozous*, No. 17-6139 (10th Cir. Appeal docketed June 13, 2017).

they submitted affidavits and partially-redacted billing records from the two law firms that represented them on the Dismissal. The Defendants stated the billing records were redacted to preserve attorney-client and work-product privilege and offered to provide unredacted records to the court for *in camera* review.

TSI conceded that the Defendants were entitled to an award under § 936. But it argued the Defendants' submissions were insufficient to enable the district court to determine if the fee request was reasonable because their redacted billing statements omitted detailed descriptions of tasks and used block-billing entries, which show only an attorney's total daily time rather than itemizing each task. TSI also objected that Defendants' offer to provide unredacted records for *in camera* review would deprive it of "the opportunity to formulate a reasoned response to the un-redacted billing records." Aplt. App. at 126. TSI requested copies of the unredacted copies and an opportunity to respond to the reasonableness of the request.

The district court concluded it was unable to assess the reasonableness of the requested award because of the redactions in the attorneys' billing records and the use of block-billing entries. It directed the Defendants to submit to the court for *in camera* review unredacted billing statements and contemporaneous time records showing the services rendered and the time spent on specific tasks. TSI did not object to this order. Several months later, after this court affirmed the Dismissal, the district court granted the Defendants' fee award.

The district court stated it reviewed the unredacted billing statements and contemporaneous time records of most of the Defendants' attorneys, though some

3

attorneys did not have contemporaneous time-records other than the billing statements. It found "that, for the most part, the amount of attorney fees requested by the [Defendants] represents a reasonable sum for the legal services provided by their counsel in the successful defense of [the] action." *Id.* at 248. The court noted that not all time spent on the Dismissal was billed to TSI or was included in the fee request. It found that the time billed was reasonable and appropriate, and that the billing statements reflected a proper exercise of billing judgment. It concluded there were some unsupported block-billing entries and some duplication of services by multiple attorneys. After performing a lodestar calculation, it ruled that a ten percent reduction in the requested award would yield a reasonable fee award of $29,234.47.

On appeal, TSI argues the district court abused its discretion by conducting the *in camera* review of the unredacted records.

## II. DISCUSSION

"We review the district court's award of attorney fees for abuse of discretion." *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 861 F.3d 1182, 1187 (10th Cir. 2017). "A district court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling." *Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d 703, 709 (10th Cir. 2005) (internal quotation marks omitted). A district court's decision to review certain documents *in camera* or ex parte is reviewed for abuse of discretion." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 860 (10th Cir. 2005) (emphasis added).

4

In this diversity case, the law of the forum state, Oklahoma, controls the award of attorney fees. *Chieftain Royalty Co.*, 861 F.3d at 1188. Under Oklahoma law, an award of fees under § 936 is mandatory, but "[t]he determination of reasonableness and the amount of the fee award are generally left to the sound discretion of the district court." *JLEE Co. v. Reneau Seed Co.*, 332 P.3d 297, 300 (Okla. Civ. App. 2014) (internal quotation marks omitted).

TSI asserts three reasons why the district court abused its discretion in conducting an *in camera* review of the unredacted billing records: (1) courts may only review a document *in camera* for the limited purpose of determining whether a privilege was validly asserted; (2) FSAI waived any attorney-client privilege by virtue of requesting attorney fees—thus, there was legal no basis for Defendants to redact any portion of their records; and (3) the *in camera* review violated its due process rights. TSI did not present these arguments to the district court—neither in response to the Defendants' original fee request, in response to the district court's ruling that it would review the unredacted records *in camera*, nor even in a post-judgment motion.

TSI's failure to raise these arguments in district court resulted in a forfeiture. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) ("[I]f [a] theory . . . wasn't raised before the district court, we usually hold it forfeited."). Forfeited arguments are ordinarily reviewable under the plain-error standard. *Id*. But TSI did not argue for the application of plain error on appeal in its opening brief. Its arguments are, therefore, waived. *See McKissick v. Yuen*, 618 F.3d 1177, 1189

5

(10th Cir. 2010) ("[E]ven if [the appellant's] arguments were merely forfeited before the *district court*, [its] failure to explain in [its] opening appellate brief why this is so and how they survive the plain error standard waives the arguments in *this* court.").[2]

We are left with TSI's broad assertion that the district court abused its discretion in conducting an *in camera* review of the unredacted records because TSI could not meaningfully challenge the reasonableness of the fee request. Because billing records and time sheets might reveal attorney-client communications, aspects of these records may be protected by privilege. *E.g.*, *United States v. Anderson (In re Grand Jury Subpoenas)*, 906 F.2d 1485, 1492-93 (10th Cir. 1990) (holding that fee contracts could reveal attorney-client privilege and noting that *in camera* review of any of possibly privileged documents would be appropriate); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999) (holding billing records constituted attorney-client and work-product privileged communications because they revealed legal research, including the identity of the federal statutes researched, which would divulge confidential information regarding legal advice).

*In camera* review enables protection of privileged material, *see, e.g., Kerr v. U.S. Dist. Court*, 426 U.S. 394, 405 (1976), and courts have reviewed unredacted billing records and time sheets *in camera* to protect privilege in making attorney fee

---

[2] TSI argues in its reply brief that we should apply plain error review to its due process arguments, but "[t]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief," *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (brackets and internal quotation marks omitted), and *McKissick* makes clear a party must argue for plain-error review in its opening brief, 618 F.3d at 1189.

6

awards. *E.g.*, *Fry v. AOK Energy Servs., LLC*, No. 14–CIV–508–RAW, 2015 WL 13388434, at *1 (E.D. Okla. Oct. 2, 2015) (denying respondent's objection to an award of any fees based on redacted billing entries and conducting *in camera* review of the unredacted records); *see also Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1328 (11th Cir. 2006) (upholding fee award notwithstanding trial court's failure to explain how it calculated an attorney fee award because it conducted an *in camera* review of the unredacted billing statements and could rely on its own knowledge to determine a reasonable attorney fee award); *Nat'l Fitness Co. v. ProCore Labs., LLC*, No. 3:11–CV–1352–L, 2013 WL 4546860, at *3 (N.D. Tex. Aug. 28, 2013) (stating plaintiffs seeking attorney fees may submit attorney billing records ex parte to the court for *in camera* review if they are concerned about "divulging privileged or confidential matters").

This court has held that a court reviewing a fee request did not abuse its discretion in denying the responding party access to the itemized time records and conducting *in camera* review of those records. *Garcia v. Tyson Foods*, *Inc.* 770 F.3d 1300, 1309 (10th Cir. 2014) (ruling court acted within its discretion to conduct an ex parte, *in camera* review of billing records where it allowed the responding party to obtain summaries and depose someone familiar with the billing practices). Here, TSI did not pursue other avenues of discovery or contend on appeal that alternative discovery would have been inadequate. Moreover, TSI has not shown that the district court's reasons for its ruling were inadequate. Accordingly, we are not

7

persuaded the district court abused its discretion when it conducted its *in camera* review of the billing statements and time records.

Judgment affirmed.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge